# CHARLESTON.

### STATE v. JESSE E. SWIGER

### (No. 6121)

Submitted March 13, 1928.   Decided March 20, 1928.

1.   RAPE—*In Prosecution for Statutory Rape, State May Show Female Contracted Venereal Disease as Result of Intercourse.*

   In a trial for statutory rape the state may show that the female contracted a venereal disease as a result of the intercourse.   (p. 360.)

   (Rape, 33 Cyc. p. 1476.)

2.   WITNESSES—*Party Surprised by Unfavorable Testimony by Own Witness May Interrogate Him, as to Previous Inconsistent Statements; in Prosecution for Statutory Rape, State, Surprised by Prosecutrix's Testimony as to Age, Had Right to Interrogate Her as to Previous Inconsistent Statements.*

   A party who is surprised by unfavorable testimony given by his own witness may interrogate such witness as to previous inconsistent statements made by him.   (p. 359.)

   (Witnesses, 40 Cyc. p. 2697.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

HATCHER, JUDGE, absent.

Error to Circuit Court, Randolph County.

Jesse E. Swiger was convicted of statutory rape, and he brings error.

*Affirmed.*

*Lee Roy See* and *Stanley Bosworth,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, Jesse Swiger, seeks the reversal of a judgment of the circuit court of Randolph County sentencing him to a term of twelve years in the penitentiary on a charge of statutory rape.

April 4, 1927, the defendant, a married man, induced Pearl
Carder, a first year high school girl (who is alleged to have
been only fourteen years of age, having been born October 5,
1912), to go with him from her home near Clarksburg to the
city of Elkins, where they roomed together at the Tygart
Hotel for two nights; then going to Charleston, remained
there together at the Peyton Hotel for one night and at a
private home five nights, when, at the instance of her parents,
they were discovered and arrested. On being returned home
it was found that she had contracted a venereal disease from
the defendant as a result of sexual intercourse with him at
Elkins and Charleston. After taking treatment for the
disease at a clinic for some time she left home and was ar-
rested in an automobile with the defendant a few days before
the trial which took place May 27, 1927. Previous to her
association with the defendant, she was chaste and obedient
to her parents.

The grounds of error are: (1) the examination by the state
of the prosecutrix, who was friendly to the defendant, regard-
ing previous statements made by her inconsistent with her
testimony in respect to her age; (2) the introduction of evi-
dence tending to show that she was biased in favor of the
defendant; (3) the admission of evidence showing that she
had contracted a venereal disease as the result of sexual inter-
course with him; (4) the admission of testimony of the moth-
er, concerning the age of the girl, as tending to impeach an
alleged public record of her birth; (5) the statement of the
trial court relative to a certificate from the clerk of the coun-
ty court of Harrison County based upon said record and of-
fered in evidence by the defendant; and (6) that the verdict
is contrary to the law an the evidence.

The prosecutrix, first called by the State, after testifying
in reply to a question on direct examination that she was
sixteen years of age, was asked if she had not previously
stated that she was only fifteen years old. This she admitted.
It is contended that such leading or cross-examination of the
witness violates the rule against the impeachment of one's
own witness. In 28 R. C. L. 644, it is said that the cases are
practically in accord in holding that a party who is surprised

by unfavorable testimony given by his own witness may interrogate such witness as to previous inconsistent statements made by him, and in a number of jurisdictions it is held that a party who is thus taken by surprise on the examination of a witness called by him may not only interrogate the witness as to previous inconsistent statements, but if the witness denies having made such statements, may prove the same to impeach him. 6 Jones Commentaries on Evidence, section 2430, states the rule as follows: ''We find that the modern cases, particularly in this country, are practically in accord in holding that a party who is surprised by unfavorable testimony given by his own witness may interrogate such witness as to previous inconsistent statements made by him. But it is a vexed question whether or not a party producing a witness whose testimony takes him by surprise should be allowed, for the purpose of contradicting him, to prove by other witnesses that the former had made declarations and statements out of court inconsistent with the evidence given by him at the trial.'' According to 1 Greenleaf on Evidence, sec. 444, the weight of authority seems in favor of permitting the party to show that the evidence has taken him by surprise, and is contrary to the examination of the witness preparatory to the trial, or to what the party had reason to believe he would testify, or that the witness had recently been brought under the influence of the other party, and has deceived the party calling him.

The State was surprised by the testimony of the prosecutrix. She had stated the day before while being interviewed by the prosecuting attorney, that she was only fifteen years of age. The State was compelled to use her as a witness to prove the act of intercourse. She was later called as a witness for the defendant to prove an important fact in his favor. In view of these circumstances we do not think that the admission of the evidence, complained of, tending to impeach her testimony that she was sixteen years of age constitutes ground for reversal.

The evidence showing that the prosecutrix had contracted a venereal disease from the defendant as a result of sexual intercourse with the defendant, was properly admitted. 33

Cyc., 1476; 22 R. C. L. 1204; Underhill on Evidence (3rd ed.), sec. 616.

The certificate from the birth record of Harrison County, offered by the defendant, showed that ............... Carder, a female child, was born to Robert Carder and Ida Carder, September 18, 1910. Ida Carder, the mother of Pearl Carder, was permitted to testify that she had an unnamed male child born at that time who died a few weeks after birth. We are of opinion that the evidence presented in explanation of this incomplete record was properly admitted.

Counsel for the defendant at the time of offering the birth record stated: "We now offer in evidence a certificate of the birth of this girl, from the record of births in the clerk's office of the county court of Harrison County, and under the seal of the court, refuting the testimony of the mother and father and the rest of them, under section 5, chapter 130, of the Code." Whereupon counsel for the State objected to the paper "as not being a certificate of that kind." The court then stated: "Let the record be admitted. It does not identify this child. The question is whether this child and the one in the record are the same, but it goes in for what it is worth." To which counsel for defendant replied: "The parents identify it." The court rejoined: "We are not arguing this case. The court permits this record to be introduced, notwithstanding that it does not identify this prosecuting witness as the baby whose birth is there recorded." Counsel for the defendant: "You mean definitely." The Court: "I mean exactly what I say—it leaves that open for the jury. It leaves the matter open to the determination of the jury, whether this is the record of the birth of this witness or not."

The statements complained of do not amount to comment by the court upon the weight of the evidence, as contended by defendant. These statements, which were provoked by the unfair assertion of counsel that the certificate (on its face), refuted "the testimony of the mother and father and rest of them" respecting the girl's age, mean simply that the certificate should be considered along with the extrinsic proof, if any, showing that Pearl Carder is the one named in the certificate as ............... Carder.

It cannot be said, as a matter of law, that the evidence does not support the finding of the jury that the prosecutrix was under sixteen years of age at the time of the intercourse between her and the defendant. The mother, father and aunt of the girl all testify positively that she was only fourteen years of age. There is no evidence to meet this, except the testimony of the girl (who was manifestly under the influence and power of the defendant), inconsistent with her previous statements, and the alleged birth certificate which was explained in the evidence of the parents and aunt.

The judgment will therefore be affirmed.

*Affirmed.*