State of West Virginia

*v.*

Stephen Marshall Goff

(No. 13607)

Decided February 17, 1976.

*McCuskey & Martin, John F. McCuskey, II* for Goff.

*Chauncey H. Browning,* Attorney General, *Fredric J. George,* Assistant Attorney General, for State of West Virginia.

Caplan, Justice:

The defendant, Stephen Marshall Goff, was indicted by the Grand Jury serving the Circuit Court of Harrison County, said indictment charging that he "did unlawfully, knowingly, intentionally and feloniously manufacture, deliver and possess with intent to manufacture and deliver a controlled substance, to-wit: marijuana . . . ." Upon trial of this charge the jury returned a verdict of guilty "of possessing with intent to deliver a controlled substance as alleged in the indictment in this

case." Judgment was entered upon the verdict and upon the refusal of the court to set aside the verdict the defendant prosecutes this appeal.

It appears from the record that David Mattingly, a twelve-year old boy, testified that he observed the defendant as he got out of his car and "went over to the bushes, bent over and wiggled them around and got back in the car." Speculating that the defendant hid something in the bushes, David investigated and found a mayonnaise jar, a shoe box and a cookie jar. This testimony was supported by that of another witness, Brad Mills, eleven years of age. These boys reported this incident to a neighbor and the police were called. They investigated the site pointed out by these boys, found the containers and placed them in their car.

Subsequently, these police officers proceeded to the office of a magistrate where an arrest warrant was obtained charging the defendant with possession of marijuana. In pursuance of the arrest warrant two of the officers went to the defendant's home where they were informed by the defendant's father that he was not at home. One of the officers asked if they could come in and the other said "we are coming in whether you want us to or not." The officers did enter the house and shortly thereafter the defendant came in another door. Seeing the officers he fled and the officers pursued him. Their attempt to apprehend the defendant was unsuccessful and they did not return to the Goff home at that time.

At approximately one-thirty a.m. the next day several police officers returned to the Goff home in an effort to effect the arrest of the defendant. The defendant's father again told them that his son was not at home. The evidence is not clear as to whether Mr. Goff voluntarily permitted the officers to enter his home. They did, however, enter the house and conducted a search during which time they found a bag containing a substance which they believed to be marijuana. This bag was found in the basement of the defendant's home behind a large picnic cooler. Clearly the bag of marijuana was not

visible until the picnic cooler was moved. Upon finding the marijuana the police then presented to Mr. Goff a Consent to Search Form and a Waiver of Constitutional Rights Form each of which was signed by Mr. Goff. Thereafter a further search resulted in the discovery of additional quantities of marijuana and other personal property which the officers removed when they departed the Goff residence at about four o'clock a.m. The defendant was indicted as hereinbefore indicated.

During the trial of this case the state offered in evidence the marijuana so obtained by the officers. The defendant objected to the introduction of such evidence and made a motion for an *in camera* hearing to determine the admissibility of such evidence, contending that the evidence was obtained as the result of an unlawful search. This motion was denied by the court. The court also denied the defendant's instruction wherein the jury would be instructed that they could return a verdict of simple possession of a controlled substance as a lesser included offense of possession of a controlled substance with intent to deliver. Furthermore, the court refused to permit the defendant, upon request, to examine the notes from which certain prosecuting witnesses were testifying.

On this appeal the state has confessed error, as below noted, urges that the judgment be reversed and that the defendant be granted a new trial. The following error is acknowledged by the state:

(1). The denial of the defendant's motion for a meaningful hearing to determine the admissibility of evidence.

(2). The refusal of the trial court to instruct the jury that they could return a verdict of simple possession of a controlled substance, as that offense is a lesser included offense of the crime of possession of a controlled substance with intent to deliver.

(3). The refusal of the trial court to allow the defendant to examine the notes from which a prosecution witness testified.

In the posture of this appeal our conclusion is to reverse the judgment of the Circuit Court of Harrison County upon the confession of error by the state. That judgment is therefore reversed and the case is remanded for a new trial. *State v. Harr*, W. Va., 194 S.E.2d 652 (1973); *Mapp v. Ohio*, 367 U.S. 643 (1961); *State v. Thomas*, W. Va., 203 S.E.2d 445 (1974); *State v. Dudick*, ____ W. Va. ____, 213 S.E.2d 458 (1975); *State v. Aiken*, 286 N.C. 202, 209 S.E.2d 763 (1974); *State v. Duvernoy*, W. Va., 195 S.E.2d 631 (1973).

*Reversed and remanded;*
*new trial awarded.*