STATE OF WEST VIRGINIA

*v.*

WILLIAM ELLSWORTH WAYNE

(No. 13768)

Decided July 11, 1978.

*James M. Bradley, Jr.*, for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Paul T. Farrell*, Assistant Attorney General, for defendant in error.

NEELY, JUSTICE:

Appellant, William Ellsworth Wayne, was convicted of first degree murder by a jury in the Circuit Court of Wood County. The conviction was based on the felony murder statute, *W.Va. Code*, 61-2-1 [1923] and the jury found that Wayne, while attempting to rob Felder's grocery store, shot and killed Herman Felder, the proprietor. We affirm.

I

Appellant contends that the trial court should have accepted his proffered guilty plea to second degree murder pursuant to a plea bargaining agreement with the prosecuting attorney. Although the facts are not fully developed on the record, it appears that the prosecuting attorney withdrew his alleged offer to accept a plea to second degree murder, although appellant thought it had been accepted.

While we recognize a plea bargain agreement may be specifically enforced in some instances, *Brooks v. Narick*, W. Va., 243 S.E.2d 841 (1978), that remedy is not available unless the party seeking specific performance demonstrates he has relied on the agreement to his detriment and cannot be restored to the position he held before the agreement. However, mere negotiation cannot be transformed into a consummated agreement merely by an exercise of the defendant's imagination. While we do not require that a plea bargain agreement be written, although that is the far better course, we do require substantial evidence that the bargain was, in fact, a consummated agreement, and not merely a dis-

cussion.[1] Court approval, whether formal or informal, is advised.[2] *Call v. McKenzie* W. Va., 220 S.E.2d 665 (1975).

The record in this case is devoid of any development of facts surrounding the alleged plea bargain. No written bargain appears in the record; the terms of the alleged agreement are not developed; the defendant has given no evidence of reliance; and, the defendant has not shown that his position was irrevocably altered. Therefore, the trial court did not err in refusing to enforce what was apparently more of a discussion of a plea than an actual agreement.

## II

Appellant assigned as error the trial court's refusal to permit the defense the opportunity to impeach its own witness, Russell Everett Byers. Apparently Mr. Byers had made a statement to the police that another person had told him that this other person, *i.e.*, extra judicial declarant, had seen two persons running from Felder's grocery store, which evidence would have been inconsistent with the prosecution's theory that the defendant entered and left the store alone. On direct examination, Mr. Byers testified that he remembered making a statement to the police but did not remember what he said. The defense attempted to use the prior statement to

---

[1] The necessity of a written plea bargain agreement can be analogized to the requirements of the Statute of Frauds, *W.Va. Code*, 55-1-1 [1923]. If an agreement is written, proof is greatly simplified. As with the Statute of Frauds, part performance or change of position helps to demonstrate the existence of an *agreement*, absent a written memorandum. When the defendant has performed his part of the agreement to his substantial detriment, this alone is compelling but not conclusive evidence that the agreement did, in fact, exist.

[2] The prosecutor faces dire consequences when he concludes a plea bargain without the court's approval under *W.Va. Code*, 62-2-25 [1923]:

"If any prosecuting attorney shall compromise or suppress any indictment or presentment without the consent of the court entered of record, he shall be deemed guilty of a malfeasance in office, and may be removed therefrom in the mode prescribed by law."

impeach Mr. Byers, but the State objected and the objection was sustained.

The general rule is that one may not impeach his own witness absent entrapment, hostility or surprise. *State v. Blankenship*, 137 W. Va. 1, 69 S.E.2d 398 (1952). Appellant has not demonstrated and it does not appear from the record that any entrapment, hostility, or surprise was present. We are not persuaded that the traditional distinction in the criminal law between a "State" witness and a "defense" witness has much substance when its effect is to cause relevant testimony to be excluded. In fact, all witnesses are "court" witnesses and abstract rules concerning when a witness may be declared "hostile" and cross examined, other than to avoid leading questions, do very little to further the administration of justice. "The ascertainment of truth is the purpose of every trial; and rules of evidence which thwart that purpose or which tend toward rendering a correct determination of the issue more uncertain are inherently unsound." *State v. Wolfe*, 109 W. Va. 590 at 593, 156 S.E. 56 at 58 (1930). Criminal trials are not games of forfeits nor exercises in techniques of ambush. *Woodall v. Laurita*, W. Va., 195 S.E.2d 717 (1973). Recognition of the artificial nature of these rules has been implicitly demonstrated by the fact that the case law shows the exceptions have eaten the rules.[3]

Nonetheless, in the case before us the witness did not testify against the defendant, nor did he say anything which could be "impeached." He merely testified that he could not remember, a condition concerning his state of

---

[3] The exceptions to the rule forbidding impeachment of a party's *own witness have been construed very liberally. State v. Blankenship*, 137 W.Va. 1, 69 S.E.2d 398 (1952) (Omission of material portions of a witness' prior written statement constitutes "surprise"); *State v. Wolfe*, 109 W.Va. 590, 156 S.E. 56 (1930) (Recalcitrant demeanor in answering questions can stamp a witness as "adverse"); *State v. Swiger*, 105 W. Va. 358, 143 S.E. 85 (1928) (Unexpected, unfavorable testimony contrary to party's expectation is "surprise"); *State v. Carr*, 65 W. Va. 81, 63 S.E. 766 (1909) (Witness' reluctance to disclose what he knows is sufficient grounds to allow impeachment).

mind at the trial which could not be impeached. We reached this exact issue in *State v. Spadafore*, W. Va., 220 S.E.2d 655 (1975) where we said:

> The orthodox rule with regard to prior inconsistent statements is that such statements cannot be accorded any value as substantive evidence. The reasoning which justifies this rule is that a prior out-of-court statement has not been made in the presence or hearing of the party against whom it is sought to be used and was not elicited under circumstances which permittd exploration of the witness's perception, memory, or prejudice. Therefore, under the orthodox rule, the only authorized use of a prior statement is to neutralize contrary testimony at trial. *Id.* at ____, 220 S.E.2d at 661.

Consequently, the trial court acted properly in thwarting the defendant's effort to introduce the witness' prior statement as substantive evidence through the guise of impeachment.

### III

State's Instruction No. 1, which was given, said:

> The offense charged in the indictment in this case is murder in the first degree. One of three verdicts may be returned by you under the indictment. They are (1) guilty of murder of the first degree; (2) guilty of murder of the first degree with a recommendation of mercy; (3) not guilty.

Appellant contends that the lower court should have instructed the jury concerning second degree murder and proffered Defendant's Instruction No. 18:

> If you have a reasonable doubt as to the grade of the offense of which the Defendant, William Ellsworth Wayne, may be guilty you shall resolve that doubt in his favor and find him guilty of the lower grade, and if you have a reasonable doubt as to whether he is guilty of any offense you must resolve that doubt in his favor and find him not guilty.

The court properly refused to give Defendant's Instruction No. 18. While it is reversible error for a trial court to refuse to instruct a jury on lesser offenses charged in the indictment if there is any evidence in the record to prove such lesser offenses, *Painter v. Commonwealth*, 210 Va. 360, 171 S.E.2d 166 (1969), when the evidence, if believed, supports only first degree murder, an instruction omitting all lesser offenses not in any way supported by the evidence is not error. *State v. Wilson*, 145 W. Va. 261, 114 S.E.2d 465 (1960).

The indictment in this case charged only first degree murder; the State's sole theory was a murder during an attempted robbery, which is first degree murder pursuant to *W.Va. Code*, 61-2-1 [1923]; and, the defense maintained the defendant did not kill Arthur Felder under any circumstances. Therefore, since the evidence only indicated first degree murder or complete innocence, the refusal of an instruction on lesser offenses was proper.

## IV

The trial court instructed the jury:

> If you find the Defendant guilty of murder in the first degree, the Court must sentence him to confinement in the penitentiary for life and the Defendant shall not be eligible for parole, unless you, in your sole discretion, further find and add to the verdict, a recommendation of mercy, in which event the Court must sentence him to confinement in the penitentiary for life, but the Defendant shall be eligible for parole *as provided by law.* [emphasis added]

The jury returned a verdict of guilty of murder in the first degree with no recommendation for mercy. Appellant contends that the instruction quoted above was prejudicial to him because the underlined portion influenced the jury not to recommend mercy.

In the recent case of *State v. Lindsey*, W. Va., 233 S.E.2d 734 (1977), this Court reversed a conviction due to an instruction very similar to the one presented here.

However, the instruction in *Lindsey* substituted the word "entitled" for "eligible" and the judge answered the jury's questions concerning the effect of a mercy recommendation. The question of instructing the jury concerning the possible effect of a recommendation of mercy is very difficult, and no matter what instruction is given, the defendant can conceive a logical reason why he has been injured by any particular instruction. If the instruction sets forth the number of years the defendant must serve before eligibility, then the defendant can argue that the jurors thought that number of years insufficient and, therefore, treated him more harshly. If no number of years is stated, then the defendant can argue that the jury did not know how long he would be required to serve before being eligible for parole, and treated him harshly to avoid any early release. The same applies to any other wording of this particular instruction.

Consequently, we hold that any instruction on this issue is very much a question of trial tactics and that the defendant is entitled to *any* instruction on the subject which correctly states the law and which he deems will present the proposition in its most favorable light. As the defendant did not object in the case before us, and as it is a question of trial tactics coming squarely within our ruling on such matters in *State v. Thomas*, W. Va., 203 S.E.2d 445 (1974), we hold that the trial judge did not err.[4]

Accordingly, for the foregoing reasons, the judgment of the Circuit Court of Wood County is affirmed.

*Affirmed.*

[4] Appellant's further assignments of error that: (1) the Prosecuting Attorney's Office should have been disqualified from participation in the case because the prosecutor's chief investigator was the stepfather of one of the State's material witnesses; (2) there was insufficient evidence to support a conviction under *W.Va. Code*, 61-2-1 (1923); and (3) State's Instruction No. 6, which was not given, was improper, are all sufficiently without merit not to be fairly raised.