STATE OF WEST VIRGINIA

*v.*

ROGER DALE SPICER

(No. 13885)

Decided July 14, 1978.

---

128

*Michael F. Gibson, Johnston, Holroyd & Gibson* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *William D. Highland,* Assistant Attorney General, for defendant in error.

McGRAW, JUSTICE:

The defendant, Roger Dale Spicer, was convicted in the Circuit Court of Mercer County for the armed robbery of some three dollars and was sentenced to confinement in the penitentiary for a term of twenty years. A petition for writ of error and supersedeas was granted

from a final order denying the defendant's motion to arrest and set aside the verdict and grant a new trial. We reverse the judgment of the circuit court and remand the case for a new trial on the ground that the trial was so permeated, from beginning to end, with evidence of criminal acts not charged in the indictment, and prosecutorial comments relating thereto, that the defendant was prejudiced and denied his fundamental right to a fair trial.

There are three assignments of error to the trial court judgment which may be briefly stated as follows: (1) the evidence of collateral criminal acts, though not totally inadmissible, was so extensive and excessive that it prejudiced the defendant and denied him a fair trial; (2) the trial court erred in not directing a verdict of acquittal at the close of the State's case in chief because venue was not proven beyond a reasonable doubt; and (3) that the trial court erred in granting, over objection, an instruction for the State advising the jury that only a verdict of guilty of armed robbery or not guilty could be returned.

In order to discuss the defendant's first assignment of error, it is necessary to discuss the nature and extent of the evidence introduced on the armed robbery charge. In opening the statement, the State advised the jury that they would hear evidence "not only of fear but of a full night of terror," because the defendant had twice raped the armed robbery victim. Similarly, the State indicated that $3.00 was a "small sum of money actually, considering all that occurred. ..."

The State's first witness in its case in chief, the alleged armed robbery victim, testified that she had been abducted at knife point from a parking lot near a store where she had gone one evening to purchase medicine for one of her children; that she was warned if she tried anything she would be left in a ditch with her guts cut out; that she was driven against her will in her own vehicle to a remote area, where she was twice raped (she testified in great detail concerning the rapes, including

an aborted effort to force her to perform oral sodomy on the accused); that the defendant closed the knife just prior to the first act of intercourse; that she did what the defendant required of her only because she was afraid that otherwise she would be killed; that following the initial act of intercourse, the defendant removed from her purse some three dollars; and that it was because of fear that she made no objection to the money being taken from her wallet.

Defense counsel made timely objections at trial and at the pretrial stage to the introduction of evidence relating to the abduction and rape evidence. After calling the woman to whose home the victim had gone for help shortly after being released, and two police officers who testified about the defendant's arrest and his oral admission, the State called two doctors who, based on their examination of the victim shortly after the alleged armed robbery, testified that scientific tests they performed established that the victim had engaged in intercourse within the time period she was allegedly raped. The testimony of the doctors was strenuously objected to on the grounds that it was immaterial, irrelevant, and highly prejudicial.

The defendant's principal objection concerns the admissibility of the evidence given by the two doctors. Following an *in camera* hearing, the trial court ruled the evidence admissible on the grounds that the defense had mentioned the occurrence of rape in opening statement and on cross-examination of the victim, and, in any case, if it was error to admit sperm test results, it wouldn't make it any worse. The State adamantly argued for admissibility on the ground that such evidence was necessary to corroborate the victim's testimony. The defense argued that the victim's testimony had been corroborated by the testimony of other witnesses, particularly the testimony of the woman residing in the house where the victim had sought refuge. She testified that the victim cried nearly thirty (30) minutes after she was at her home, and that she had said "the worse has happened."

During the closing argument, the prosecution told the jury that "[H]owever much time he [Spicer] spends in the penitentiary will never give Mary [the victim] back what she lost that night, and I don't mean three dollars. It will never repay her. . . ." The jury returned a verdict of guilty after deliberating for slightly more than one hour.

I

The defendant does not contend that the evidence of an abduction at knife point and rape is totally inadmissible and could not be mentioned at trial. It is conceded that these criminal acts are so interrelated to the crime charged that they are admissible under the fourth exception to the general prohibition against other criminal act evidence set forth in *State v. Thomas*, ____ W. Va. ____, 203 S.E.2d 445, 455 (1974).[1] That concession was compelled by the law of this state which has long recognized a res gestae or same transaction exception to the rule that evidence of other crimes is inadmissible.[2] In *State v. Spencer*, 97 W. Va. 325, 125 S.E. 89 (1924), the Court held, in a trial for violating the prohibition laws, that evidence showing the defendant when arrested was armed with a deadly weapon was admissible as part of the res gestae. *Accord, White v. People*, ____ Colo. ____, 494 P.2d 585 (1972) (en banc) (in forcible rape trial not error to admit evidence tending to establish kidnapping,

---

[1] The fourth exception is "a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others. . . ."

[2] The purpose of such evidence is "to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. This is often characterized as proving a part of the 'same transaction' or the 'res gestae.'" McCormick, *Handbook of the Law of Evidence* 448 (2d ed. 1972). In C. Torcia, *Wharton's Criminal Evidence* 540 (13th ed. 1972), the rule uniformly followed in other jurisdictions, including the Fourth Circuit, is stated:

The rule prohibiting evidence of other crimes does not apply where the other crime precedes, or is contemporaneous with, as a part of, the crime charged, and the circumstances surrounding the other crime are necessary to prove or to explain the crime charged.

assault, and sodomy); *Greentree v. State*, ____ Ind. ____, 351 N.E.2d 25 (1976) (in rape trial not error to admit testimony of sodomy and robbery where committed contemporaneously); *Grinnell v. State*, 230 So.2d 555 (Miss. 1970) (in involuntary manslaughter trial not error to mention deaths of other occupants of car); *Cavett v. State*, 505 S.W.2d 289 (Tex. Crim. App. 1974) (in robbery by assault trial not error to admit evidence of robbery and rape committed by continuous assault so as to be part of same transaction).

Nonetheless, the defense contends the excessive employment or "shotgunning" of evidence relating to rape which was immaterial, irrelevant, and highly prejudicial denied him a fair trial. For its part, the State confesses error on this assignment of error stating in its brief that the defendant's trial "was so permeated by evidence of rape put on by the prosecution and by references to rape by the prosecutor, that he was, in reality, tried for rape under the guise of an armed robbery indictment, and thus was denied due process by not having been given notice of the charge against which he had to defend himself."

Although the court obviously does not countenance an indictment for one offense and a trial on another, the appropriate inquiry is whether the defendant has been denied a fair trial as a result of the evidence and prosecutorial comments thereon.

We reject the contention that the doctors' testimony was necessary to corroborate the victim's testimony or that the defendant invited error. First, the record indicates the victim's testimony was corroborated otherwise and second, even if the State needed to corroborate the victim's testimony, a less prejudicial route was readily available. The hospital records could have been introduced for the limited purpose of proving she had been at the hospital on the night in question. Finally, the doctors' testimony was incompetent since it did not go to prove a material element of the crime of armed robbery. We, therefore, hold the admission of such testimony was error.

The serious and regrettable problem lurking behind the evidentiary matters in this case is that of overzealous prosecution. As the State says in its brief, the prosecutor conducted the trial from beginning to end as if it were a trial for rape. The prosecutor could have tried the defendant for both rape and armed robbery, but having elected to proceed on a single count indictment for armed robbery, the prosecution was not at liberty to introduce other crime evidence beyond that necessary to explain or prove the crime charged in the indictment. The defendant was not on trial for rape. The details of the rape did not go to show any of the elements of the offense being tried, and they were unnecessary for jury understanding of how the armed robbery was committed. It was thus error to admit them. The evidence should have been limited to such reference only as was reasonably necessary to an intelligent investigation of the charge being tried. *See Compton v. Commonwealth,* 190 Va. 48, 55 S.E.2d 446 (1949); *Taylor v. Commonwealth,* 186 Va. 587, 43 S.E.2d 906 (1947).

The prosecution in the case at bar, however, was not content with merely eliciting the sordid details of the rapes. The opening and closing statements made unnecessary references thereto. The latter statement, in particular, placed improper emphasis on such evidence, and was apparently calculated to inflame the jury. This Court, in a related context, has previously spoken to the problem of a prosecutor prejudicing an accused by excessive employment of evidence of other crimes.[3] In *State v. Thomas,* ___ W. Va. ___, 203 S.E.2d 445, 456 (1974), *quoting, United States v. Mastrototaro,* 455 F.2d 802, 804 (4th Cir. (1972), the Court stated.

> A prudent prosecutor limits himself to what is needed to prove the charge in the indictment. In the process of proving the charge, other offenses may come to light incidentally, but when the prosecution devotes excessive trial time to this type of 'background' material, it runs the risk of

---

[3] *See also, State v. Stollings,* ___ W. Va. ___, 212 S.E.2d 745 (1975).

trespassing into the impermissible area and jeopardizing any resulting conviction.

The prosecution has committed that forbidden trespass in this case. The rape evidence was admitted indiscriminately, took up much of the trial time, and created a substantial danger of prejudice. This, combined with the remarks of the prosecution, particularly in closing argument, was prejudicial and denied him the fundamental right to a fair trial.

## II

The second assignment of error we find without merit. The evidence establish beyond a reasonable doubt that the locus of the crime was in an area within the confines of Mercer County; hence, the defendant's constitutional right to be tried in the county where the crime was committed has not been violated. *W. Va. Const.* Art. III, § 14; *Willis v. O'Brien,* 151 W. Va. 628, 153 S.E.2d 178 (1967) *cert. denied,* 389 U.S. 848, 88 S. Ct. 71, 19 L. Ed.2d 116 (1967); *see* 19 M.J. *Venue* § 14 (1952).

## III

The defendant's final assignment is that the trial court erred in giving a State instruction, over objection and exception, which did not permit the jury to return a verdict of guilty to unarmed robbery.

Relying on *State v. Hackle,* 110 W. Va. 485, 158 S.E. 708 (1931) and *State v. Allen,* 131 W. Va. 667, 49 S.E.2d 847 (1948), it is contended that there was evidence tending in some appreciable degree to support an unarmed robbery instruction and, therefore, it was reversible error not to give such an instruction. The State asserts this issue is moot since the prosecution at retrial may or may not attempt to charge and prove both rape and armed robbery. The question, is not moot; whether there was error in this trial is the issue here, and retrial is irrelevant. We find no error has been committed.

The third syllabus point of *Hackle, supra,* holds that "where, in a trial for armed robbery, there is a sharp

conflict in the evidence as to whether defendant had a dangerous weapon in his possession at the time of the alleged offense, it is reversible error to limit the jury to one of two verdicts, namely, guilty as charged, or not guilty." That case is substantially dissimilar to the instant case. There the victim testified that the defendant threatened to shoot her with a pistol while taking her money, while the defendant in direct contradiction testified that he did not have a pistol that day and his companions stated that they had not seen him with a pistol on the day of the crime. There is no conflict in the evidence in the present case. The victim testified that the defendant threatened to kill her with a knife if she did not cooperate. Other evidence indicated the defendant abducted the victim by holding a knife to her throat on the night in question. Although the victim testified that she persuaded the defendant to put the knife away before the first act intercourse, there is no evidence indicating the weapon was not immediately available for use by the defendant should he have felt a need for such. We resolutely turn our head away from the notion that the mere sheathing or pocketing of a deadly weapon necessarily results in any abatement of the bodily fear its production originally produced. The victim repeatedly testified that she was afraid the defendant would kill her.

*Allen, supra,* is one of West Virginia's leading cases explicating the law on the refusal of a trial court to give an instruction on a lesser included offense contained in an indictment. It teaches, based on the role of the jury in our system of justice, that in the usual case, or in any case where there is doubt about whether there is appreciable evidence supporting an instruction on a lesser included offense, the wiser and preferred course for the trial court is to instruct on such lesser included offense. Since we find, however, that there was no appreciable evidence supporting an unarmed robbery theory in this case, the refusal of the trial court to instruct thereon was not error.

The judgment of the Circuit Court of Mercer County is reversed, and this case is remanded so that the defendant may be awarded a new trial.

*Reversed and remanded.*