Wanda TAYLOR, Appellee,

v.

Daniel STARNES, Superintendent, West
Virginia State Prison for
Women, Appellant.

No. 78–6446.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 6, 1979.
Decided May 29, 1981.

Sprouse, Circuit Judge, dissented and
filed opinion.

Frances W. McCoy, Asst. Atty. Gen.,
Charleston, W. Va. (Chauncey H. Browning,
Atty. Gen., David P. Cleek, Asst. Atty.
Gen., Charleston, W. Va., on brief), for ap-
pellant.

Larry N. Sullivan, Parkersburg, W. Va.,
for appellee.

Before BUTZNER and SPROUSE, Cir-
cuit Judges, and PERRY, United States
District Judge for the District of South
Carolina, sitting by designation.

PERRY, District Judge.

The appellant seeks reversal of an Order
of the District Judge which granted a writ
of habeas corpus to the appellee, Wanda
Taylor, on the ground that, during the trial
which led to her conviction of the offense of
malicious wounding, she was denied effec-
tive assistance of counsel. Appellee was
convicted by a West Virginia jury of the
offense of malicious wounding pursuant to
a statute which delineates the offense as a
felony [1] and which has been construed by

---

1. West Virginia Code of 1931 as amended,
   Chapter 61, Article 2, Section 9:

If any person maliciously shoot, stab, cut or
wound any person, or by any means cause him

the West Virginia Supreme Court to include, as a lesser offense, the crime of assault and battery, a misdemeanor.[2] During the trial the judge instructed the jury as to the elements of proof concerning the offenses of malicious wounding and of unlawful wounding but did not instruct them concerning the lesser included offense of assault and battery.[3] Appellee's trial attorney objected to the instruction as not constituting a correct statement of the applicable law of West Virginia but did not state what, in his view, would have constituted a correct statement of the law. Moreover, he did not specifically request the court to instruct the jury as to the lesser included offense of assault and battery or of the jury's option to return a verdict of guilty of that offense.[4] The jury found appellee guilty of malicious wounding and she was sentenced by the court to imprisonment for an indeterminate term of not less than two years nor more than ten.

After exhaustion of all state remedies appellee petitioned the District Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging *inter alia* that, because her trial attorney failed to request the state trial judge to instruct the jury as to the included misdemeanor offense of assault and battery, she was denied the effective assistance of counsel. At a hearing before the District Judge, appellee's trial attorney testified that although he was aware at the trial that assault and battery is included as a lesser offense within the offense of malicious wounding, he requested no instructions on the lesser offense in order to "get error in the record." The attorney further testified that it was his understanding that the duty to instruct the jury concerning lesser included offenses rested with the prosecution and the trial judge, and that the failure of the trial judge to *sua sponte* instruct as to the lesser included offense would have constituted reversible error. The District Judge, finding that appellee was denied effective assistance of her counsel, found that the evidence adduced would have supported an instruction on assault and battery and that the trial judge would have been required to instruct on that offense if requested.[5] Applying the standard announced by this Court in *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977) cert. denied, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978) the District Judge noted the absence of anything in the record to indicate that appellee's trial attorney had

---

bodily injury with intent to maim, disfigure, disable or kill, he shall, except where it is otherwise provided, be guilty of a felony, and, upon conviction, shall be punished by confinement in the penitentiary not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall be guilty of a felony, and, upon conviction, shall, in the discretion of the court, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars.

**2.** *State v. King*, 140 W.Va. 362, 84 S.E.2d 313 (1954).

**3.** The jury was instructed as follows:

The Court instructs the jury that if they believe from the evidence in this case, beyond a reasonable doubt, that the defendant, during the altercation with Garnett Edmond Pritt, Jr., cut the said Garnett Edmond Pritt, Jr. with a dangerous weapon, to-wit, a machete, and inflicted with said weapon upon the said Garnett Edmond Pritt, Jr. wounds, with intent, then and there unlawfully, maliciously and feloniously to maim, disfigure, disable or kill the said Garnett Edmond Pritt, Jr., then the jury should find the defendant guilty of malicious wounding as charged in the indictment; if the jury believe from the evidence that the act was done unlawfully, but not maliciously, then the jury should find the defendant guilty of unlawful wounding as charged in the indictment.

**4.** Absent specific request the trial judge was not required to instruct as to the lesser included offense. *State v. Alie*, 82 W.Va. 601, 96 S.E. 1011 (1918). However, the judge could have given such an instruction *sua sponte*. *State v. Caddle*, 35 W.Va. 73, 12 S.E. 1098 (1891). Under West Virginia law, failure to request an instruction as to a lesser included offense constitutes a waiver of the right to such an instruction. *State v. Beatty*, 51 W.Va. 232, 41 S.E. 434 (1902).

**5.** See *State v. Goff*, 221 S.E.2d 891 (W.Va. 1976); *State v. Young*, 134 W.Va. 771, 61 S.E.2d 734 (1950); *State v. Hackle*, 110 W.Va. 485, 158 S.E. 708 (1931); *State v. Hudson*, 157 W.Va. 939, 206 S.E.2d 415 (1974).

researched the applicable law and stated that it is apparent, that the decision not to request the assault and battery instruction arose on some basis other than informed professional deliberation.[6]

The appellant argues that no evidence was presented which might have supported a verdict of assault and battery and that, hence, the trial judge was under no obligation to instruct as to that offense. Appellant urges that, under the conflicting evidence presented, the jury could only have returned verdicts of malicious wounding or of unlawful wounding (if the jury had believed that account of the State's witnesses) and of not guilty (if they had believed the appellee's witnesses). Thus, the appellant argues, any error on the part of the appellee's attorney in not requesting an instruction on the lesser included offense of assault and battery was harmless beyond a reasonable doubt under the standard announced in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The trial record reveals that appellee was a tavern keeper and that the injury to the victim was inflicted during the course of a brawl involving several people in the tavern. In the words of one witness, it was a "free for all ... everybody got into it ... chairs were flying." In his brief (Brief of Appellant Pp. 11, 12), appellant summarizes the evidence as follows:

> If the jury had believed the account of the State's witnesses Reed, Anderson and Pritt, that appellee struck Pritt with a machete without provocation, and did so not only while standing over him but also as he was going out the door with his back turned, they could have returned only a verdict of malicious wounding or unlawful wounding.

> If on the other hand, the jury had believed the account of defense witnesses, Legg and Walker, that appellee had

struck at Pritt only in reaction to Pritt chasing her behind the bar in this tavern, during which Pritt had threatened her life and called her a whore, they could have returned only a verdict of not guilty of malicious wounding and unlawful wounding, since they would have been compelled to agree with the self defense theory put forward by appellee's counsel.

It is apparent from the above that the evidence justified an instruction concerning assault and battery on the theory that the appellee could rationally be found by the jury to have acted in self defense but used unreasonable or excessive force or unreasonably believed her life was in danger. In an analogous situation one commentator has noted

> If the slayer honestly but unreasonably believes his life to be in danger and kills in what he assumes to be necessary self defense, he is guilty of manslaughter rather than murder. (citing cases). This seems to be much more sound than the assumption that in such situations there is no middle ground between guilt of murder and innocense. Perkins, *Criminal Law* 993–94 n. 6 (1969).

We accept the District Judge's view of the evidence as having warranted an instruction on assault and battery under the decisions of the West Virginia Supreme Court. See *State v. King*, 140 W.Va. 362, 84 S.E.2d 313 (1954). We believe it is unreasonable to assume that there is no middle ground between conviction of the felony offense of malicious wounding and acquittal. The facts establish that conviction of the included offense of assault and battery was a viable alternative to submit to the jury. See also *United States ex rel. Matthews v. Johnson*, 503 F.2d 339 (3rd Cir. 1974).[7] Moreover, as noted by the District

6. As noted by the District Judge, during appellee's trial her attorney belatedly evidenced uncertainty as to the correctness of his decision and moved for a mistrial, stating "first of all Your Honor, *I am not sure about this* so I will move Your Honor to declare a mistrial because you did not instruct the jury that it could bring

in the verdict of assault and battery in this matter also."

7. Under § 211.1(1)(b), Model Penal Code, a person is guilty of assault if he "negligently causes bodily injury to another with a deadly weapon." Under this definition, the use of unreasonable force to repel an attack in the

Judge, appellee's trial attorney recognized that such an instruction would have been proper on the evidence but professed an attempt to induce error by remaining silent on the erroneous assumption that failure of the trial judge to instruct on assault and battery would constitute error even where no request for such an instruction has been made.[8] We agree with the District Judge that the conduct of appellee's trial attorney in not submitting a request that the court instruct the jury concerning the misdemeanor offense of assault and battery was not within the range of competence demanded of attorneys in criminal cases. Moreover, we cannot conclude on this record that the error was harmless beyond a reasonable doubt.

■ The standard announced by this court in *Marzullo v. Maryland, supra,* by which the effectiveness of counsel's representation of an accused is measured, recognizes that "effective representation is not the same as errorless representation" and that "[a]n attorney may make a decision or give advice which in hindsight proves wrong. . . ." We observed that "[a] convict generally must establish that his counsel's error was so flagrant that a court can conclude that it resulted from neglect or ignorance rather than informed professional deliberation." *Id.* at 544. See *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). An attorney undertaking to represent an accused should acquaint himself with the rules of the jurisdiction in which the case is brought to trial, together

with the applicable substantive law pertinent thereto. Otherwise, decisions such as the one here involved precipitate questions concerning the quality and effectiveness of the attorney's representation. Such is the case here.

The judgment of the District Court is affirmed.

SPROUSE, Circuit Judge, dissenting:

I respectfully dissent.

In my opinion any error which might have resulted from defendant's counsel not requesting an instruction on assault and battery was harmless. The evidence could have established malicious wounding, unlawful wounding, or that the defendant was not guilty. There was no evidence upon which it could have been decided she was guilty of assault and battery.

The majority's opinion quotes the short summary of Taylor's self-defense evidence contained in the State's brief.

If, on the other hand, the jury had believed the account of defense witnesses, Legg and Walker, that appellee had struck at Pritt only in reaction to Pritt chasing her behind the bar in this tavern, during which Pritt had threatened her life and called her a whore, they could have returned only a verdict of not guilty of malicious wounding and unlawful wounding, since they would have been compelled to agree with the self-defense theory put forward by appellee's counsel.

---

exercise of self defense could be considered assault and battery rather than malicious wounding. That the appellee was in her own tavern, from which she had no obligation to retreat, see Model Penal Code § 3.04(2)(b)(ii)(1), bolsters the argument that *some* act of self defense was warranted but that appellee simply exceeded the bounds of reasonableness in her response. In such a case the defendant is entitled to an instruction on assault and battery because it more accurately reflected her actions than did malicious wounding.

**8.** Rule VI of the Trial Court Rules for Trial Courts of Record of West Virginia provides: "(c) . . . no party may assign as error the giving of *or refusal to give* any instruction unless

he objects thereto before the arguments to the jury are begun, stating distinctly as to any given instruction, the matter to which he objects and the grounds of his objection . . . ." [Emphasis added]. Under this rule, counsel must timely offer desired instructions to the trial judge before he can complain of error in not giving any desired instruction. *State v. Goff,* 221 S.E.2d 891 (W.Va.1976). The range of competence demanded of counsel in criminal cases brought to trial in West Virginia subsumes familiarity with this rule and, where appropriate, adherence to its requirements. See *Coles v. Peyton,* 389 F.2d 224 (4th Cir. 1968); and *Marzullo v. State of Maryland,* 561 F.2d 540 (4th Cir. 1977).

The quoted summary is a considerably inaccurate characterization of the self-defense evidence. The State initially contended there was not sufficient evidence to sustain a self-defense instruction but abandoned that position in the interest of economizing trial time. It would have been justified in maintaining its original position. A review of the testimony strongly suggests there is not sufficient evidence to sustain a self-defense instruction. Even had there been, there is no evidence that the excessive, unreasonable force used by Taylor resulting in the victim's injuries was motivated by self-defensive impulses. Uncontradicted evidence demonstrates that the injuries were inflicted by purely offensive acts on the part of Taylor. The evidence thus could not support an instruction basing a possible assault and battery conviction on the use of excessive force in self-defense—Taylor was guilty of either malicious or unlawful wounding or was innocent.

The melee in which Pritt, the victim, was wounded took place in the Rondavu, also known as Frank and Wanda's Place, a tavern in rural West Virginia. Immediately prior to the wounding, seven or eight of the tavern's imbibing patrons were engaged in a contest described variously as only "friendly pushing and shoving," and "throwing tables and chairs at each other, beating each other's brains out." Wanda Taylor, the defendant, quickly moved to conclude the activities and, although there were conflicting descriptions of her methods, there were no doubts about the results. Six witnesses testified at trial—four for the State and two for the defense. The defendant Wanda Taylor did not testify. Three of the four State witnesses testified that Taylor first struck one Anderson on the head with a ball bat, then administered the same treatment to Pritt. According to this testimony, after being relieved of the ball bat, she procured a machete and slashed Pritt several times while he was lying face up on the dance floor. The treating doctor testified that Pritt's left wrist was partially severed. This wound also included deep lacerations of tendons, a nerve and ligaments in the wrist joint in addition to fractures of three bones. The victim also received a long slash wound to his forehead and wounds to his forearm from Taylor.

Contrary to the evidentiary summary quoted in the majority opinion, the evidence for the defense was not that Taylor struck at Pritt only in reaction to his threats. One of the two defense witnesses, Walker, testified that he did not see Taylor wield the machete or swing or cut at the victim at all. The other defense witness, Legg, testified that he saw Taylor once swing the machete at the victim while he was standing but categorically stated that he did not see that she cut him with this effort.

The State's witnesses testified that after his initial wounds, the victim fled the melee through the tavern door and that while he was exiting, bleeding heavily from his wounds, Wanda Taylor slashed him several times in the back with the machete. At trial, the victim exhibited to the jury multiple scars on his back identified as having been inflicted by those last machete cuts. Neither Walker nor Legg, the defense witnesses, saw the victim as he exited. They could not testify in any fashion concerning these actions on the part of Wanda Taylor.

West Virginia law does not require the trial court to give an instruction on assault and battery under such evidence even had one been requested. The West Virginia standard is clear as to when an instruction on a lesser included offense should be given. *State v. Spicer*, 245 S.E.2d 922 (W.Va.1978); *State v. Wayne*, 245 S.E.2d 838 (W.Va. 1978); *State v. Hudson*, 157 W.Va. 939, 206 S.E.2d 415 (W.Va.1974). The State Supreme Court of Appeals in *Wayne* said:

> While it is reversible error for a trial court to refuse to instruct a jury on lesser offenses charged in the indictment if there is any evidence in the record to prove such lesser offenses . . ., when the evidence, if believed, supports only first degree murder, an instruction omitting all lesser offenses not in any way supported by the evidence is not error.

245 S.E.2d at 842 (citation omitted).

In *Spicer* the Court reiterated:

[W]here there is doubt about whether there is appreciable evidence supporting an instruction on a lesser included offense, the wiser and preferred course for the trial court is to instruct on such lesser included offense. Since we find, however, that there was no appreciable evidence supporting an unarmed robbery theory in this case, the refusal of the trial court to instruct thereon was not error.

245 S.E.2d at 927–28.

The majority cites *State v. King*, 140 W.Va. 362, 84 S.E.2d 213 (1954), as supporting its result. *King*, however, holds simply that although assault and battery is a lesser included offense in the felony of malicious assault, a conviction of assault and battery. is barred by the one-year statute of limitations imposed for misdemeanors rather than the five-year statute of limitations for malicious wounding.

Likewise, *Matthews v. Johnson*, 503 F.2d 339 (3rd Cir. 1974), is completely inapposite to the issue decided by the majority. It is true that the Third Circuit in *Matthews* decided that the failure to include an involuntary manslaughter instruction in a murder prosecution was a denial of due process of law. That decision, however, is premised on the law of Pennsylvania permitting a voluntary manslaughter instruction in a murder case even where no evidence justified a voluntary manslaughter conviction. The Third Circuit reasoned that some defendants received the benefit of the instruction and some did not. In deciding that no standards guided the granting of the instruction, it held the Pennsylvania rule was impermissibly vague and violated due process. The decision was inextricably inter-. woven with Pennsylvania criminal law. West Virginia's standard is definitive. It simply does not require an instruction on the lesser included offense when there is no appreciable evidence to support it.

I do not quarrel with the majority's view that had there been evidence that Taylor was excited to the use of excessive force by self-defense instincts, an assault and battery instruction would have been required. Effective representation, under the *Marzullo* standard, would in such circumstances have required an affirmative request for the instruction. Such circumstances were not present. Taylor repeatedly slashed the victim with a machete on the wrist, forearm, forehead, and back, practically severing his left wrist. The number and severity of these wounds belie any theory of self-defense-motivated excessive force. Add to this the uncontradicted evidence of her savage pursuit and there is scarcely enough evidence to sustain an instruction on self-defense. The uncontradicted evidence is that she hacked the victim several times in the back as he fled the scene. Neither Legg nor Walker testified as to this incident. Even had Taylor been justified in brandishing a machete initially, no rational juror could believe that her later actions were merely an extended self-defense.

I would reverse the district court's decision granting the writ of habeas corpus. Taylor's counsel was in error when he admitted during the habeas corpus proceeding that the evidence would have supported an instruction of assault and battery. Had he been correct, his failure to request the instruction would have demonstrated a degree of incompetent representation which could not have been characterized as harmless. Nor can his professed attempt to get error in the record by his failure to request the instruction be applauded as competent. Contrary to his post-trial belief, however, there was not sufficient evidence to support an assault and battery instruction and any ineffectiveness in failing to request one amounted to harmless error.