310 S.E.2d 476

**STATE of West Virginia**

v.

**Robert COCHRAN.**

**No. 15924.**

Supreme Court of Appeals of West Virginia.

Dec. 14, 1983.

William J. Akers, Princeton, for appellant.

Chauncey H. Browning, Atty. Gen., Gregory W. Bailey, Deputy Atty. Gen. and Joseph Kenna, Sp. Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

In this appeal the defendant, Robert Cochran, asserts that his conviction for breaking and entering should be reversed because the trial court admitted a confession of his codefendant over his objection and in violation of our rules of evidence. We agree and reverse the conviction.

On the evening of July 4, 1981, Bernie Shupe's mobile home in Bluewell, West Virginia, was broken into and all of his furniture and appliances were taken. This property was subsequently discovered in the yard, garage and trailer of the defendant, Robert Cochran. The defendant and James Melvin Gearheart were indicted for breaking and entering, in the nighttime, the dwelling of Bernie Shupe with intent to commit larceny. Mr. Gearheart entered a guilty plea to the charge, while Mr. Cochran pleaded not guilty at trial.

Prior to the introduction of any evidence, the State informed the trial court that Mr. Gearheart, who had earlier indicated he would testify for the State, refused to testify because he feared putting his life in jeopardy at the penitentiary. The defendant moved to dismiss the case since Gearheart was a critical State's witness linking him to the crime. The trial court ruled that the motion was premature but that it would be considered at the appropriate time.

When the State was ready to call Mr. Gearheart to the stand, the trial court held an *in camera* hearing. The court examined Mr. Gearheart and determined that the sole reason for his refusal to testify was his fear of retaliation in the penitentiary because of his being a "snitch." Mr. Gearheart did not assert any privilege which would excuse him from testifying. The defendant moved for a dismissal and the State indicated that without Mr. Gearheart's testimony, it had insufficient evidence to prove its case that the defendant was present at the scene of the crime. The court denied the motions to dismiss and instructed the State to call Mr. Gearheart as a witness.

While on the witness stand, Mr. Gearheart again refused to testify. The court admonished Mr. Gearheart and directed him to testify. The State then asked Mr. Gearheart if he had made a statement to the police concerning the burglary. Mr. Gearheart testified that he vaguely remembered making a statement while under the influence of drugs and alcohol but that he did not remember the contents of the statement. After that, he would not answer any other questions. Over the State's and the defendant's objections, the court directed the State to read the statement out loud to the witness in the presence of the jury. The statement clearly implicated the defendant.* The witness, responding to the State's questions, said he would refuse to answer any questions asked by the State, the court, or the defendant. The defendant, therefore, did not attempt to cross-examine the witness.

The court then instructed the jury that the statement could not be considered "in determining the guilt or innocence of Mr. Cochran." The statement should only be used for "determining the credibility of this witness." Out of the jury's presence, the defendant again moved to dismiss the case against Mr. Cochran because there was no evidence that Mr. Cochran was one of the perpetrators of the crime. The motion was denied and the defendant was convicted.

 We discussed this same evidentiary question in *State v. Spadafore*, 159 W.Va. 236, 220 S.E.2d 655 (1975). We held that an unsworn, out-of-court statement which was not subject to cross-examination could not be used as substantive evidence against the defendant and summarized our law in Syllabus Points 1 and 2:

"1. In a criminal case prior out-of-court statements made by a witness cannot be admitted into evidence for the truth of the matter asserted unless they were made under oath in a judicial atmo-

sphere during the taking of a deposition or at a former trial and were subject at that time to cross-examination by the opposing party's counsel.

"2. Prior out-of-court statements may be used to impeach the credibility of a witness and a prior inconsistent statement may be introduced concerning any specific matter about which the witness has testified at trial; however, where the witness does not testify contrary to his prior statement but demonstrates an absence of memory, such prior statement must be used sparingly to demonstrate lack of integrity in the witness or the reason for surprise to the party which calls him, but these legitimate purposes may not be used as a ruse for introducing inadmissible evidence."

In *Spadafore*, the witness when called by the State took the position that he could not remember anything that was in his statement. The prosecutor was permitted by way of impeachment to read him the statement, asking him at intervals if he had not made such statements to which the witness responded he did not recall. We declined to admit the statement under the guise of impeachment because the witness had not initially testified about any of the facts contained in the statement.

Subsequently, in *State v. Wayne*, 162 W.Va. 41, 245 S.E.2d 838 (1978), we reaffirmed our holding in *Spadafore*. This time a defense witness disclaimed remembering certain out-of-court statements made to police officers and impeachment was sought. We said: "Nonetheless, in the case before us the witness did not testify against the defendant, nor did he say anything which could be 'impeached.' He merely testified that he could not remember, a condition concerning his state of mind at the trial which could not be impeached." 162 W.Va. at 44–45, 245 S.E.2d at 841.

---

\* The statement provided:

"On Saturday night 7–4–81, at approximately twelve to three A.M. on 7–5–81, me and Robert Cochran went to a trailer at Kirby Addition in Bluewell to Bernie Shupe's trailer and I went through the kitchen window and opened the door. Then we carried the stuff out and put it in my truck, then hauled it to Bluefield Drive Inn and loaded the stuff in Robert's brother's truck, a blue Ford, then went back and got another load in my truck, then we went to Crumpler and put it in a garage Robert owns on top of the mountain."

Finally, in *State v. Fellers*, 165 W.Va. 253, 267 S.E.2d 738, 741 (1980), where impeachment was permitted because the witness did testify inconsistently with her out-of-court statements, we again made reference to *Spadafore:* "In considering the proper use of *ex parte* statements the guiding principle has been that 'out-of-court statements should not be used as a ruse for introducing damaging material about which the witness did not specifically testify.' *State v. Spadafore, supra*, 159 W.Va. at 252, 220 S.E.2d at 664."

Our fidelity to *Spadafore* is clear and under its principles we believe the trial court erred in permitting the witness to be impeached by his *ex parte* out-of-court statement. His refusal to acknowledge his earlier statement resulted in no factual testimony that could be impeached. In view of our disposition of this case on evidentiary grounds, we decline to discuss the Sixth Amendment confrontation issue.

For the foregoing reasons, the judgment of the Circuit Court of Mercer County is reversed and the case is remanded for a new trial.

Reversed and Remanded.