394 S.E.2d 905

**STATE of West Virginia**

v.

**Chester Ray GIBSON.**

**No. 18696.**

Supreme Court of Appeals of West Virginia.

July 12, 1990.

T. Owen Wilkins, Sandyville, for Chester R. Gibson.

Roger W. Tompkins, Atty. Gen., Richard M. Riffe, Sr. Asst. Atty. Gen., Attorney General's Office, Charleston, for State of W. Va.

PER CURIAM:

This is an appeal from a judgment of the Circuit Court of Jackson County, rendered on December 4, 1987, wherein that court denied appellant's motion for return of a motor vehicle seized in connection with certain criminal charges which the trial court later dismissed. In light of this dismissal, the appellee filed a response with this Court in which it confesses that such denial constitutes error and states that it has no objection to entry of judgment in favor of the appellant.

In Syllabus Point 1 of *State v. Young*, 166 W.Va. 309, 273 S.E.2d 592 (1980), this Court held, " ' "In a criminal case where the State confesses error, urges that the judgment be reversed and that the defendant be granted a new trial, this Court, upon ascertaining that the errors confessed are reversible errors and do in fact constitute cause for the reversal of the judgment of conviction, will reverse the judgment and grant the defendant a new trial." Syl. *State v. Goff*, 159 W.Va. 348, 221 S.E.2d 891 (1976)'; *State v. Cokeley*, 159 W.Va. 664, 226 S.E.2d 40 (1976)."

In the instant case, we agree that failure of the trial court to release property of the appellant seized pursuant to criminal charges which were ultimately dismissed constitutes reversible error. W.Va. Code, 62–1A–7, provides, "Property taken pursuant to the warrant shall be preserved as directed by the court or magistrate for use as evidence and thereafter shall be returned, destroyed or otherwise disposed of as the court or magistrate may direct." Following dismissal of the charges, there was no necessity for its use as evidence, and the trial court should have ordered its return to the appellant.

Accordingly, the judgment of the Circuit Court of Jackson County is hereby reversed, and this proceeding is remanded for further proceedings consistent with this opinion.

Reversed and remanded.