STATE OF WEST VIRGINIA

*v.*

GEORGE F. SLIDER, JR.

(No. 13149)

Submitted September 19, 1972.       Decided May 1, 1973.

*Wilson, Frame & Rowe, Richard E. Rowe,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Willard A. Sullivan, Richard E. Hardison,* Assistant Attorneys General, for defendant in error.

HADEN, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Monongalia County of February 5, 1971, which sentenced the defendant, George F. Slider, Jr., to serve an indeterminate term of from ten years to life imprisonment in the West Virginia State Penitentiary

after being convicted by a jury for the crime of armed robbery.

The defendant was charged in an indictment returned by the Grand Jury of Monongalia County with the crime of armed robbery of one James Petroski and was also charged with other lesser included offenses. The facts adduced in the trial on behalf of the State demonstrated that at approximately 5:55 p.m. on December 2, 1969, the prosecuting witness, Petroski, was in the process of receiving a payment on a charge account from a customer of Biafora's, a men's clothing store in the city of Morgantown which employed Petroski as a salesman. At that time and place, two men entered the store. One of the men armed with a pistol approached Petroski while the other remained near the door of the establishment. Upon reaching Petroski, the man holding the gun, placed a bag on the counter and instructed Petroski to put money contained in the store's cash register in the bag. This was done by Petroski while being held at gun point and the two men immediately left the store. The whole transaction took no more than four minutes. This defendant was subsequently apprehended in Frederick County, Maryland and returned to this jurisdiction for trial. Uncontroverted evidence offered by the State at the trial resulted in the direct identification of a pistol found in the defendant's possession as the weapon used in the holdup. The customer who was present in the store at the time of the robbery and the assistant manager of the clothing store made direct and positive identification of the defendant as being the person who held Petroski at gun point while taking money from him. Further testimony offered established other links in the chain of evidence.

At the completion of the State's case, counsel for the defendant moved for a directed verdict which motion was overruled by the court. The defendant presented no evidence or testimony in the trial, which resulted in a conviction of the defendant for the crime of armed robbery.

The defendant lists two assignments of error. These assigned errors are the giving of State's Instructions Nos. 6, 7 and 9 over the objection of defense counsel, and the indeterminate sentence of ten years to life imprisonment which was pronounced by the Circuit Court of Monongalia County.

The first assignment of error relating to the afore-mentioned instructions given by the trial court over the objection of defense counsel is without merit. The defendant contends that each of these instructions dealing with the definition of the crime of robbery lacked explication of the essential element of intent, and, therefore, did not sufficiently define that crime. This Court has held in numerous decisions that when an otherwise correct instruction is incomplete in some respect, it may be read in conjunction with all of the other instructions. If when so considered it is apparent that all the instructions would not mislead the jury and that the incomplete or missing element is augmented by a supplemental instruction, resulting in a correct and complete statement of the law as pertains to the facts of the case, the verdict will not be disturbed. *State v. Harlow,* 137 W.Va. 251, 71 S.E.2d 330 (1952); *State v. Cobb,* 122 W.Va. 97, 7 S.E.2d 443 (1940); *State v. DeBoard,* 119 W.Va. 396, 194 S.E. 349 (1937).

State's Instruction No. 10 which was given by the court read as follows:

> "The Jury are instructed that a man is presumed to intend that which he does, or which is the immediate or necessary consequences of his act; and if the jury believe from the evidence beyond a reasonable doubt that the defendant, George F. Slider, Jr., with a deadly weapon upon his possession took money from James Petroski, a person having lawful charge of the same, by putting him in fear of bodily harm, then you shall find defendant guilty as charged in the indictment."

This instruction sufficiently and correctly defines the element of intent as it relates to the evidence in this

case. *State v. Davis,* 153 W.Va. 742, 757, 172 S.E.2d 569 (1970); *State v. Bowles,* 117 W.Va. 217, 185 S.E. 205 (1936); *State v. Justice,* 107 W.Va. 490, 497, 148 S.E. 843 (1929); *State v. McCoy,* 63 W.Va. 69, 59 S.E. 758 (1907). See, 67 AM. JUR. 2d, *Robbery* §§ 16, 69 (1973). We hold that State's Instructions Nos. 6, 7 and 9 when read conjunctively with State's Instruction No. 10 correctly instructed the jury as to the definition of the crime of robbery and that the jury was not misled or confused by these instructions.

The second and final assignment of error by the defendant is meritorious. This fact was recognized and admitted by the Attorney General, counsel for the State on this appeal, who confesses error on this point. The sentence imposed in this case of ten years to life imprisonment for the crime of armed robbery is contrary to the statutory provisions of West Virginia Code, Chapter 61, Article 2, § 12 (1931), as amended. The statute provides that the sentence shall be confinement in the penitentiary for "not less than ten years." As this Court stated on this very point in the recent and analogous case of *State v. Chaffin,* 156 W.Va. 264, 192 S.E.2d 728, "The sentence for the crime of armed robbery must be for a definite term of not less than ten years and the imposition of an indeterminate sentence of from ten years to life for such crime constitutes error." Syllab. Pt. 5. See also, *State ex rel. Wright v. Boles,* 150 W.Va. 381, 146 S.E.2d 524 (1966); *State v. Rollins, et al.,* 142 W.Va. 118, 94 S.E.2d 527 (1956); *State ex rel. Vascovich v. Skeen,* 138 W.Va. 417, 76 S.E.2d 283 (1953).

For the reasons set forth above the conviction of the defendant is affirmed, but the judgment of the Circuit Court of Monongalia County is reversed as to the indeterminate sentence imposed by that court, and the case is remanded to that court for the imposition of a definite sentence of not less than ten years.

CARRIGAN and KESSEL, JJ., participated and concurred in this decision but departed from the Court prior to the preparation of the opinion.

SPROUSE and NEELY, JJ., did not participate in the consideration or decision of this case.

*Conviction affirmed;*
*judgment reversed and*
*remanded with directions.*