STATE OF WEST VIRGINIA

*v.*

ROBERT EUGENE HUDSON

(No. 13371)

Decided July 9, 1974.

*Howard M. Persinger, Jr.,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *E. Leslie Hoffman, III,* Assistant Attorney General for defendant in error.

BERRY, JUSTICE:

This is an appeal by Robert Eugene Hudson, the defendant below and hereinafter referred to as defendant, from a final judgment of the Circuit Court of Mingo County entered February 2, 1973 wherein the Court overruled the defendant's motion in arrest of judgment and defendant's supplemental motion for judgment or acquittal notwithstanding the verdict, or for a new trial and sentenced the defendant to a term of not less than five nor more than eighteen years in the penitentiary. The defendant alleges that numerous errors were committed during the trial of the case which were prejudicial to the defendant and require reversal of his conviction for unarmed robbery. This Court granted defendant's appeal on June 4, 1973 and the case was submitted for decision on April 30, 1974 upon the record and briefs filed on behalf of the respective parties.

The defendant was jointly indicted with one Lindsay Spaulding for armed robbery by the grand jury of Mingo County at its October, 1969 term. Defendant's motion for a separate trial was granted and the case was continued until the February, 1970 term of court. Defendant entered a plea of not guilty and the case was tried by a jury on March 30, 1970 and the jury found the defendant guilty of unarmed robbery.

The prosecuting witness was one Ransom Lovings White, who was eighty-five years old at the time of the trial, and who testified that two men came to his home about 9:00 p.m. on June 24, 1969. White testified he recognized the defendant and since he knew the defendant, White came out onto the porch, sat down and began a friendly conversation with the two visitors. However, according to White, after a few minutes passed the man

sitting beside White suddenly struck him in the face with his fist, and the man sitting across from White, whom White identified in court as the defendant, jumped up and pointed a pistol at White and told him, "If you move, I'll shoot your brains out." The two assailants took White into the house, tied him up, and then searched the house for money and goods. White testified that the men took $188 in cash, two shotguns and several other items.

During the trial several witnesses testified for the defendant that the defendant and his wife arrived at the City Cafe in Delbarton shortly before dark on June 24, 1969 and stayed there until about 9:30 p.m. at which time the defendant left by himself and returned approximately a half hour later. Defendant testified he walked down the road about a mile to borrow his father-in-law's car and then returned. The defendant testified that after drinking one or two more beers he and his wife and one Emmett Copley drove to the Taylorville Drive-in to get something to eat. This testimony was corroborated by Copley, defendant's wife and a waitress who was at the drive-in.

After the March 30, 1970 jury verdict of guilty of unarmed robbery was returned, the court on April 6 took under advisement the defendant's motion to set aside the verdict and to grant a new trial. On May 18, 1970 the court overruled defendant's motion and orally sentenced the defendant to not less than five nor more than eighteen years in prison, but granted the defendant a 90 day stay of execution for appeal purposes. On May 22, 1970 an order was entered which improperly sentenced the defendant to a term of not less than five nor more than twenty years. No notice of appeal was filed in connection with the May 22nd order but on August 12, 1970 the court granted an additional 120 day stay of execution. On August 30, 1970 the court, realizing the error in the May 22nd sentencing order, entered an order commanding the defendant to appear for resentencing on September 3, 1970. However, the defendant did not appear on that date and the court directed that a capias be issued for him. The return on the capias in the clerk's office revealed that

the capias was not delivered to the defendant until December 24, 1972. On January 9, 1973 defendant was given one week to retain counsel since his previous attorney had withdrawn from the case. Defendant's new counsel filed motions for arrest of judgment and acquittal notwithstanding the verdict and for a new trial. Arguments were held on the motions on January 30, 1973 and on February 2, 1973 an order was entered overruling the motions and holding that the May 22, 1970 sentencing order was void. The order also properly sentenced the defendant to a term of not less than five nor more than eighteen years in the penitentiary.

The errors assigned by the defendant are consolidated as follows: (1) The jury verdict of unarmed robbery was improper because the only evidence introduced by the state indicated armed robbery; (2) the trial court erred in giving to the jury instructions 1 and 2, offered by the state, because language with regard to intent, a necessary element in the crime of robbery, was omitted from the instructions; (3) the trial court erred in not instructing the jury that it could find the defendant guilty of lesser included offenses under the charge of robbery; (4) the court erred in not sustaining the defendant's motion for judgment of acquittal because of a fatal variance between the indictment and the proof; (5) the court erred in not sustaining defendant's motion to arrest judgment based on the judgment not being entered on the verdict in the same term of court; and finally, that the trial extended for more than three terms of court in violation of Code, 62-3-21, as amended, and the defendant was denied the right to a speedy trial.

The first assignment of error is without merit. It is true the evidence of the state indicated that a pistol was used during the robbery. However, it is the province of the jury to ascertain the grade of offense, and if the evidence is sufficient to warrant a conviction of the crime charged in the indictment, the jury is justified in returning a verdict of a lesser included offense. 5 M.J. *Criminal*

*Procedure* § 50; *Fleming v. Commonwealth,* 170 Va. 636, 196 S.E. 696; *Burton and Conquest v. Commonwealth,* 108 Va. 892, 62 S.E. 376. No injustice has been done by the jury's verdict of unarmed robbery. In fact, such verdict was beneficial to the defendant in this case since it appears that a jury verdict of the higher offense of armed robbery would have been warranted under the facts of this case.

The second assignment of error involves a serious question relative to the omission of language dealing with intent in instructions given by the court. Intent is a necessary element of the crime of robbery. *State v. Mc-Coy,* 63 W.Va. 69, 59 S.E. 758. Point 2 of the syllabus of the *McCoy* case held: "The *animus furandi,* for the intent to take and deprive another of his property, is an essential element in the crimes of robbery and larceny." The instructions complained of, to which no specific objection was made during the trial of the case as required by Rule VI (c), Trial Court Rules for Trial Courts of Record, read as follows:

### STATE'S INSTRUCTION NO. 1

"The Court instructs the jury that under the indictment in this case, if warranted, by the evidence, you may find one of the following verdicts, to-wit: —

1. GUILTY OF ARMED ROBBERY

2. GUILTY OF UNARMED ROBBERY

3. NOT GUILTY

"The Court further instructs the Jury that Armed Robbery is a felonious taking of money or goods of value from the person of another or in his presence, against his will, by force, or putting him in fear, by the threat or presenting of firearms or any other deadly weapon or instrumentality or by other violence to the person.

"You are further instructed that Armed Robbery is punishable by confinement in the penitentiary of this State for not less than ten years.

"The Court further instructs the Jury that Unarmed Robbery is a felonious taking of money or goods of value from the person of another or in his presence, against his will, by force, or putting him in fear, which is accomplished by any mode or means other than the threat or presenting of firearms or other deadly weapons and other than the doing of violence to the person.

"You are further instructed that unarmed robbery is punishable by confinement in the penitentiary of this State for not less than five (5) years nor more than eighteen (18) years."

### STATE'S INSTRUCTION NO. 2

"The Court further instructs the Jury that the crime of robbery consists of theft of property from the person or in the presence of the owner, accompanied by violence or by putting him in fear, and the Court further instructs the Jury that if they believe, from all the evidence, beyond a reasonable doubt, on the 24th day of June, 1969, Robert Eugene Hudson, the defendant on trial, went to the home of Ransom Lovins White, and there with force and arms, took from the said Ransom Lovins White the sum of money and the articles testified to by the said Ransom Lovins White, and that the defendant, Robert Eugene Hudson, held the prosecuting witness under fear and intimidation, and these facts and circumstances you believe beyond a reasonable doubt, then you should find the defendant, Robert Eugene Hudson, guilty as charged in the within indictment.

It will be noted that these instructions instructed the jury that the crime of robbery consists of a felonious taking of property from a person by violence and that it also consists of theft of property from the victim by the use of force and arms. Animus furandi has been defined in the following language: "Intent to steal, or to feloniously deprive the owner permanently of his property." BLACK'S LAW DICTIONARY 114 (4th ed. 1951); *State v. Davis,* 153 W.Va. 742, 172 S.E.2d 569; *State v. Wendling,* 112 W.Va. 58, 164 S.E. 179. In the case of *State v. Davis, supra,* a similar instruction was given and this Court held

in that case that it was a proper instruction. The Court stated:

"It is asserted that the instruction fails to include the essential element of animus furandi, or the intent to deprive Elk Finance and Loan Company of the money which is alleged to have been stolen. A portion of the instruction is as follows:

'Therefore, if you believe from the evidence beyond all reasonable doubt, that Waldon Keith Davis acting in concert with Gary Wayne Davis did so rob the Elk Finance and Loan Company, by violence or by putting Walter R. Lawman in fear and took money belonging to the Elk Finance and Loan Company by force, then you may find the said Waldon Keith Davis guilty as charged in the within indictment.'

"We are of the opinion that the instruction sufficiently embodies the element of the taking of the money by force and violence and, therefore, this assignment of error is without merit."

Therefore, we hold that the giving of the instructions in the case at bar when read together did not constitute reversible error. See *State v. Slider,* 156 W.Va. 653, 196 S.E.2d 85.

The third assignment of error to the effect that instruction number 1, offered by the state, should have included the lesser crimes of grand larceny, petit larceny and assault and battery, is not well taken. It is generally held that in a prosecution for robbery where the evidence warrants the conviction of the crime charged and there is no independent evidence that would warrant a conviction of lesser offenses an instruction relative to lesser offenses need not be given. Anno., 58 A.L.R.2d 808, 810; *State v. Bell,* 228 N.C. 659, 46 S.E.2d 834; *State v. Griffin,* 280 N.C. 142, 185 S.E.2d 149.

The fourth assignment of error contending that there was a fatal variance between the pleading and proof is without merit. It it contended by the defendant that the

indictment alleged that a dangerous and deadly weapon, a "pistol loaded with shot", was used while the testimony of the prosecuting witness White was to the effect that a "blue steel pistol" was used. The crime of armed robbery is defined as the felonious taking of money or goods of another against his will by force, or by putting him in fear by the threat or use of firearms or other instrumentality. The mere allegation that a pistol "loaded with shot" was contained in the indictment is surplusage, and it was not necessary to prove that the gun was loaded. *State v. Young,* 134 W.Va. 771, 61 S.E.2d 734; *State v. McGraw,* 140 W.Va. 547, 85 S.E.2d 849. This principle is succinctly stated in point 1 of the syllabus of the case of *State v. McGraw, supra,* in the following language: "Immaterial, unnecessary and harmless averments, which might be omitted without affecting the charge in an indictment against the accused and which need not be proved, may be properly considered and rejected as surplusage." Moreover, the matter is immaterial in the case at bar because of the fact the jury returned a verdict of unarmed robbery.

The fifth and last assignment of error is clearly without merit, because after the trial of a case and the jury's verdict of guilty has been returned it is not necessary for the judgment or sentence upon the jury's verdict to be entered within the same term of court. 21 AM. JUR. 2d *Criminal Law* § 526. A judgment cannot be entered where a motion to set aside the verdict has not been disposed of before the end of the term. Code, 62-3-21, as amended, requiring the defendant to be tried within three terms after the indictment is returned and the constitutional requirement for a speedy trial are not applicable to this case. The defendant was given a speedy trial, and was tried at the next term after he was indicted and within the three term rule. Although there are several exceptions in the statute, including continuances on the motion of the accused, it is clear the trial in the instant case was afforded the defendant within three terms after the indictment was returned and thus, the statute is not applicable.

The reason for the delay in the disposition of this case was because after the conviction of the defendant and a proper oral sentence was pronounced by the trial court a written order later entered contained an improper sentence of not less than five nor more than twenty years. It was necessary, when this was called to the court's attention, that the court set that sentence aside and enter a proper sentence, which was done. *State ex rel. Boner v. Boles,* 148 W.Va. 802, 137 S.E.2d 418. Many things occurred which were responsible for the length of time consumed in the final disposition of this case, such as, the illness of the judge, and the absence of the accused which required the issuance of a capias before he could be properly sentenced. If the trial court had not corrected the void sentence and the case had been appealed to this Court, this Court would have remanded the case for proper sentence. *State v. Blankenship,* 137 W.Va. 1, 69 S.E.2d 398; *State v. Justice,* 130 W.Va. 662, 44 S.E.2d 859, *cert. denied* 333 U.S. 844, 68 S. Ct. 662, 92 L. Ed. 1128.

For the reasons stated herein, the judgment of the Circuit Court of Mingo County is affirmed.

*Affirmed.*