368 S.E.2d 726

**STATE of West Virginia**

v.

**David PLUMLEY.**

**No. 17692.**

Supreme Court of Appeals of West Virginia.

April 21, 1988.

---

R. Lee Botten, II, Huntington, for David Plumley.

Jill Miles, Charleston, for State.

PER CURIAM:

On May 30, 1984, the appellant, David Plumley, was convicted on three counts of kidnapping and one count of aggravated robbery. The charges arose out of a jail break attempt committed by the appellant and one Paul Brumfield. In the case of *State v. Brumfield*, 178 W.Va. 240, 358 S.E.2d 801 (1987), this Court discussed the attempt in detail. In the *Brumfield* case, the Court overturned the kidnapping convictions of Paul Brumfield. Those convictions arose out of facts identical to those involved in this case. In the present proceeding, the appellant claims that his kidnapping convictions should be overturned for the same reasons. He also claims that

his aggravated robbery conviction should be reversed. After reviewing the record, this Court agrees and reverses the judgment of the Circuit Court of Cabell County.

Briefly, the facts in this case indicate that on February 23, 1984, the appellant and Paul Brumfield, who were inmates at the Cabell County Jail, confronted a correctional officer, Scott Tyree, with homemade knives. The officer was forced to the jail floor and was tied and gagged. The appellant and Mr. Brumfield removed Officer Tyree's keys and radio.

A short time later the appellant and Paul Brumfield confronted two other correctional officers, Clarence Johnson and John Bowman, and locked them in a room. In the confrontation a radio was thrown across a hallway floor, out of the officers' reach, and their keys were taken.

The appellant and Mr. Brumfield then attempted to force open an outside door, but were unsuccessful. They later returned to Officers Johnson and Bowman, untied them, and surrendered.

The appellant and Paul Brumfield were both charged with and convicted of kidnapping. Additionally, the appellant was charged with and convicted of aggravated robbery. The robbery charge grew out of the fact that the appellant took Officer Tyree's keys and radio.

In *State v. Brumfield, supra,* this Court discussed the questions relating to the kidnapping charges which were placed against Paul Brumfield as a result of the escape attempt. The Court concluded that there was insufficient evidence to sustain a kidnapping conviction. The Court stated:

Where an inmate, by force, has unlawfully confined a correctional officer for a minimal period of time within the walls of a correctional facility in order to facilitate his escape, and movement of that officer was slight and did not result in exposure to an increased risk of harm, a conviction for the offense of kidnapping pursuant to *W.Va. Code,* 61–2–14a [1965] will be reversed where the confinement was incidental to the escape and the inmate has not utilized the officer as a

hostage nor as a shield to protect that inmate or others from bodily harm or capture or arrest after that inmate or others have committed a crime.

Syllabus point 3, *State v. Brumfield, supra.*

In reaching the decision in *Brumfield* the Court referred to *State v. Miller,* 175 W.Va. 616, 336 S.E.2d 910 (1985), where the Court addressed the factors which would suggest that a kidnapping was purely incidental to another crime. The Court in *Miller* said:

In deciding whether the acts that technically constitute kidnapping were incidental to another crime, courts examine the length of time the victim was held or moved, the distance the victim was forced to move, the location and environment of the place the victim was detained, and the exposure of the victim to an increased risk of harm.

*State v. Miller, supra* 175 W.Va. at 621, 336 S.E.2d at 915. The Court concluded in the *Brumfield* case that the confinement of the officers was for a minimal period, that the movement of the officers was slight, and that the officers were not exposed to an increased risk of harm. Therefore, the confinement of the officers was incidental to the crime of escape and did not constitute the separate crime of kidnapping.

In the present proceeding the appellant claims that the facts surrounding his kidnapping charge are identical to those presented in *State v. Brumfield* and that the rationale of *State v. Brumfield* should apply to him. In its brief the State concedes that *State v. Brumfield* is controlling and that the three kidnapping counts against the appellant should be reversed. This Court agrees.

Additionally, the appellant claims that his aggravated robbery conviction should be reversed because any robbery was merely incidental to the attempted jail break.

While this Court in the *Brumfield* and *Miller* cases, and other courts in cases cited in *Brumfield* and *Miller,* have recognized that kidnapping may be so incidental to another crime as not to constitute a separate offense, there is a paucity of cases addressing the question of whether an aggravated robbery committed in conjunction with another crime should be considered merely incidental to the other crime. The Nevada court, a court which has addressed the question, has concluded that the taking of property might be incidental, but, as in the incidental kidnapping cases, the question of whether it actually should be treated as incidental hinges upon the particular facts and circumstances of the case. *See, McKenna v. State,* 98 Nev. 323, 647 P.2d 865 (1982). The court indicated that where there was a question as to whether the taking was incidental, the question should be resolved by the trier of fact, the jury.

■ In West Virginia it is recognized that: "Animus furandi, or the intent to steal or to feloniously deprive the owner permanently of his property, is an essential element of the crime of robbery." Syllabus point 2, *State v. Hudson,* 157 W.Va. 939, 206 S.E.2d 415 (1974). There cannot be a robbery unless there is an intent on the part of the charged party to deprive the owner of his property permanently.

■ It appears to this Court that in a situation such as that presented in the present case, the question of whether a robbery occurred depends upon whether the defendant had *animus furandi* at the time of acting. Where a taking of property is merely incidental to the commission of another crime the actor's need and desire for the property taken are incidental and cease to exist when the principal crime is perfected. Under such circumstances the intent to deprive the owner permanently of his property would not be present. Instead, the actor would seek to deprive the owner of the property only temporarily to assist in the completion of the principal crime. Because of this circumstance, the Court believes that the real question in a potential incidental robbery situation is whether the actor had requisite *animus furandi,* or intent to deprive the owner permanently of property, at the time of the taking of the property.

It does not seem plausible to the Court that the defendant in the present case took the jail keys with the intent of depriving the owner of possession of the keys permanently. The keys were of a peculiar character suitable for opening jail doors only. Obviously the defendant would want them to perfect his escape, but after he had escaped they would be of no value. The taking of the radio presents a different problem. A radio might be of value in getting out of jail as well as monitoring police activities after the escape had been completed. An escapee could conceivably take a radio with the intent of keeping it and depriving the owner of it permanently.

This Court has recognized that it is incumbent upon the State in a criminal prosecution to prove every element of a crime beyond a reasonable doubt. *State v. Pendry,* 159 W.Va. 738, 227 S.E.2d 210 (1976); *Pinkerton v. Farr,* 159 W.Va. 223, 220 S.E.2d 682 (1975). Further:

> Where ... the specific intent to accomplish a particular purpose is an essential element of the crime, it is necessary to establish the fact of that intent beyond a reasonable doubt, and while such intent may be established by existing circumstances, these must be wholly inconsistent with the theory of innocence.

Syllabus point 4, *State v. McHenry,* 93 W.Va. 396, 117 S.E. 143 (1923). *See State v. Ocheltree,* 170 W.Va. 68, 289 S.E.2d 742 (1982); *State v. Mayle,* 136 W.Va. 936, 69 S.E.2d 212 (1952).

In the present case, this Court believes, as the Nevada court believed in *McKenna v. State, supra,* that it was appropriate that the jury determine whether the defendant acted only in a manner incidental to the commission of the other crime or whether he acted with *animus furandi.* However, before a jury may properly assess the evidence in a case to determine whether the State has met its burden of proof, it is essential that the jury be properly instructed on the law of the case. *State v. Lambert,* 173 W.Va. 60, 312 S.E.2d 31 (1984); *State v. Dozier,* 163 W.Va. 192, 255 S.E.2d 552 (1979); *State v. Loveless,* 139 W.Va. 454, 80 S.E.2d 442 (1954).

In the present case it does not appear that the court clearly and fully instructed the jury on the fact that *animus furandi* or the intent to deprive the owner permanently of his property, is an essential element of the crime of robbery.[1] Since under the peculiar facts that was the element which would separate the defendant's taking of the radio as an incident of his escape from an actual robbery, this Court believes that the jury's attention should have been particularly directed to that question. Because that was not done, the Court believes that the defendant's aggravated robbery conviction should be reversed and that, upon any retrial, the jury should be fully instructed on the law relating to the *animus furandi* necessary to support a robbery conviction.

For the reasons stated, the judgment of the Circuit Court of Cabell County is reversed, and the case is remanded for retrial on the robbery question.

Reversed and remanded.

---

1. The closest instruction that the court gave to the question of intent necessary to support a robbery conviction was "Court's Instruction No. 8", which said:

> The Court instructs the jury that aggravated robbery is defined as the unlawful taking and carrying away of money or goods from the person of another, or his presence, by the use of force or violence on the victim or through the use of a dangerous or deadly weapon or instrumentality, and with intent to steal such property.