No. 11-1123 – *State of West Virginia v. James Wilkerson*

**FILED**

March 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Chief Justice, concurring:

I agree with the Majority's disposition of this case. I write separately to highlight an alternative basis for affirming the circuit court's final order.

In *State v. Hudson*, 157 W. Va. 939, 945, 206 S.E.2d 415, 419–20 (1974), the defendant argued that he was improperly denied an instruction for assault and battery during his prosecution for robbery. The Court found no merit in his argument, holding, "Where the evidence warrants the conviction of the crime charged and there is no independent evidence that would warrant a conviction of lesser offenses an instruction relative to lesser offenses need not be given." *Id.* at syl. pt. 3.

As noted by the Majority, other jurisdictions and authorities have discussed whether an instruction of battery or assault as lesser included offenses of robbery must be given. W. R. Habeeb, *Effect of Failure or Refusal of Court, in Robbery Prosecution, to Instruct on Assault and Battery*, 58 A.L.R.2d 808, 809–10 (1958), summarizes the approaches in other jurisdictions:

> [I]t has been held that such an instruction need not be given, because the lesser crime is merged in the greater, where (1) the prosecuting witness testifies positively that the crime charged has been committed and there is no contradictory evidence on that issue; (2) the defendant asserts an alibi and

1

> denies his presence at the time and place of the alleged crime; or (3) the defendant admits his presence at the time and place of the alleged crime, but denies that any criminal act was committed.

(Footnotes omitted). Of the three scenarios described, the third matches the facts of this case: The petitioner admits that he was present at the time and place of the crime, but he denies that he committed any crime.

No independent evidence was presented in this case to support an instruction on a lesser included offense. Any arguably lesser included offense—battery or assault—would have merged with the robbery charge. Therefore, the circuit court was not required to give an instruction as to lesser included offenses, regardless of this Court's determination that battery and assault are not lesser included offenses of robbery.