## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jonathan Lind,**
**Petitioner Below, Petitioner**

**FILED**

**October 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 16-1033** (Kanawha County 16-P-37)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonathan Lind, pro se, appeals the October 20, 2016, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Robert L. Hogan, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 31, 2006, petitioner killed Edward Ayers in the victim's home. According to the investigating officer's grand jury testimony, petitioner then stole the victim's credit card and vehicle and went on a shopping spree. On July 26, 2006, the grand jury returned a five-count indictment against petitioner: one count of murder, in violation of West Virginia Code § 61-2-1; one count of first-degree robbery, in violation of West Virginia Code § 61-2-12(a)(1); and three counts of forgery of a credit card, in violation of West Virginia Code § 61-3-24a(c).

On the first day of trial, March 26, 2007,[1] the circuit court denied petitioner's March 20, 2007, motion for appointment of co-counsel. The circuit court found that the motion was not timely filed and that given petitioner's attorney's extensive experience, he "would be more than

---

[1]We take judicial notice of the trial transcript in petitioner's criminal case, Criminal Action No. 06-F-299.

1

adequately represented."

During the presentation of the State's case, Steven Jones testified that he accompanied petitioner on the shopping spree following the victim's death, during which petitioner used the victim's credit card at various retailers and traded the victim's vehicle for crack cocaine. Mr. Jones was cross-examined by petitioner's trial attorney.

Petitioner testified in his case-in-chief that he went to the victim's house to "make some money" by providing sexual favors to the victim. However, an altercation eventually ensued and petitioner hit the victim with a claw hammer and then took the victim's wallet, keys, and vehicle. Petitioner testified that he traded the vehicle for crack cocaine the following morning. Petitioner admitted that he used the victim's credit card on two occasions when he was with Mr. Jones. However, petitioner testified that Mr. Jones used the credit card on the third occasion after petitioner had given it to Mr. Jones while the two were at the drive-thru at a McDonald's. Also, the circuit court allowed petitioner to testify that the victim had a tendency to get into altercations with other persons.

Petitioner next called Robert Shingleton to testify as to an altercation Mr. Shingleton had with the victim in 2004. Mr. Shingleton took the stand outside the presence of the jury and testified that he would follow his attorney's advice to invoke his constitutional privilege not to incriminate himself given the pending appeal of his malicious wounding conviction that resulted from the 2004 altercation.[2] Thereafter, the circuit court excused Mr. Shingleton and petitioner rested his case.[3]

Following jury instructions and closing arguments, the jury convicted petitioner of second-degree murder, first-degree robbery, and three counts of forgery of a credit card. By order entered on June 1, 2007, the circuit court sentenced petitioner to an aggregate term of incarceration of 33 to 150 years. Petitioner sought review of his convictions and sentence in this Court, which refused his appeal on March 20, 2008.

On October 2, 2008, petitioner filed a petition for a writ of habeas corpus in the circuit court, requesting that his conviction be overturned and that he receive a new trial. The circuit court entered an order appointing an attorney to represent petitioner in that habeas proceeding. On February 10, 2009, petitioner filed an amended habeas petition. The circuit court held an evidentiary hearing on February 18, 2009.

By order entered on April 17, 2009, the circuit court denied petitioner habeas relief. First, the circuit court found that Mr. Shingleton's unavailability as a witness did not unduly prejudice petitioner's defense. Second, the circuit court found that petitioner's sentence was not

---

[2]*See State v. Shingleton*, 222 W.Va. 647, 671 S.E.2d 478 (2008) (per curiam).

[3]During petitioner's three-day trial, each party presented several other witnesses. However, that testimony is not relevant to the issues petitioner has raised in his habeas proceedings.

unconstitutionally disproportionate to his crimes. However, the circuit court failed to note whether it ensured that petitioner's attorney had explained to him that any claim on the *Losh* checklist that was not raised in the habeas proceeding would be deemed waived.[4]

On April 28, 2009, petitioner filed a notice of appeal. Petitioner's first habeas counsel was relieved from further representation and a new attorney was appointed to represent him in his habeas appeal. However, no appeal was filed from the circuit court's April 17, 2009, order denying petitioner's first habeas petition.

On November 17, 2009, petitioner filed a second habeas petition. By order entered on February 5, 2010, the circuit court appointed an attorney to represent petitioner. On October 22, 2010, petitioner's habeas attorney filed an amended petition. The material submitted to the circuit court by petitioner, pro se, and by his attorney in the second habeas proceeding raised various constitutional claims, several of which petitioner failed to raise in the first habeas proceeding, as well as those claims that were denied in that proceeding. On December 12 and 14, 2012, the circuit court held an evidentiary hearing in the second habeas proceeding. In the interest of allowing petitioner a full and thorough review, the circuit court allowed him to present evidence on all grounds for relief asserted in his amended habeas petition, including those that the circuit court denied in the first habeas proceeding.

By order entered on January 9, 2014, the circuit court denied petitioner's second habeas petition. The circuit court first found that, while the appellate attorney in the first habeas proceeding failed to file an appeal, petitioner was not prejudiced by that failure because all grounds "he asserted in his initial habeas petition and in his second habeas petition have been collectively considered, addressed, and ruled upon in the instant [o]rder." Next, the circuit court found that, in the second habeas proceeding, petitioner was advised of "his obligation to raise all grounds for post-conviction relief in one proceeding."

Third, the circuit court found that petitioner's trial attorney from the first habeas proceeding testified that he discussed the *Losh* checklist with petitioner and that petitioner "fully understood that any issue he did not raise at that time was waived forever." The circuit court further found that, during petitioner's testimony, "he conceded that [his attorney] had reviewed the *Losh* [l]ist with him and that he understood it at that time." Next, the circuit court determined that petitioner's habeas attorney was not ineffective by failing to raise the issue of trial counsel's performance because the trial record reflected "no grounds on which to base any allegation of ineffective assistance of trial counsel."

Fifth, the circuit court rejected petitioner's contention that he could not be found guilty of first-degree robbery if his intent to steal from the victim was not formed until after the use of force. The circuit court found that petitioner's argument was not supported by his own trial

---

[4]In *Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

testimony that he clearly intended to take the victim's property. Finally, with regard to those grounds petitioner previously raised in the first habeas proceeding, the circuit court adopted and incorporated by reference the findings set forth in its April 17, 2009, order denying petitioner's habeas relief.

Petitioner appealed the circuit court's January 9, 2014, order denying his second habeas petition to this Court, which affirmed the denial of his second habeas petition in *Lind v. Ballard* ("*Lind I*"), No. 14-0116, 2015 WL 5125884, at *7 (W.Va. August 31, 2015) (memorandum decision).[5] In *Lind I*, we declined to consider the issue of whether petitioner's habeas attorney in his second proceeding was ineffective, finding that the claim "would more appropriately be raised in a new petition for writ of habeas corpus." *Id.* at *4.

Petitioner filed a third habeas petition on January 29, 2016, raising ineffective assistance of counsel in his second such proceeding.[6] By order entered on October 26, 2016, the circuit court denied the habeas petition without a hearing and without the appointment of counsel. Petitioner filed an appeal from the circuit court's October 26, 2016, order and a motion for appointment of appellate counsel on November 2, 2016. By scheduling order entered on November 21, 2016, we deferred ruling on the motion for appointment of appellate counsel, which we now consider with the merits of petitioner's appeal.

We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In syllabus points 1 and 4 of *Losh*, we held as follows:

> An omnibus habeas corpus hearing as contemplated in W.Va. Code [§§] 53-4A-1 [through 53-4A-11] occurs when: (1) an applicant for habeas corpus is represented by counsel or appears *pro se* having knowingly and intelligently waived his right to counsel; (2) the trial court [e]nquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waived his right to counsel; and, (4) the trial court

---

[5]We take judicial notice of the appellate record in *Lind I*.

[6]Petitioner filed supplements to his habeas petition on April 7, 2016, and September 2, 2016.

drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding.

.  .  .  .

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pts. 1 and 4, 166 W.Va. at 762-763, 277 S.E.2d 607-608.

On appeal, petitioner contends that he still has not had an omnibus habeas corpus hearing because (1) his appellate attorney failed to appeal the circuit court's April 17, 2009, denial of relief in the first habeas proceeding; (2) the April 17, 2009, order lacked a notation that the court ensured that petitioner's attorney had explained to him that any claim on the *Losh* checklist that was not raised would be deemed waived; and (3) the court generally failed to make sufficient findings regarding the issues that petitioner raised in his habeas proceedings. Respondent counters that petitioner has had a prior omnibus hearing, which triggers the application of the doctrine of res judicata to generally bar the filing of successive habeas petitions pursuant to syllabus point 4 of *Losh*. We agree with respondent.

We find that petitioner has had a prior omnibus hearing and that the doctrine of res judicata applies to this case. First, we found in *Lind I* that by allowing petitioner to re-raise the claims in the second habeas proceeding, the circuit court cured the failure of the appellate attorney in the first habeas proceeding to file an appeal in that case. 2015 WL 5125884, at *4. Second, the circuit court included a notation in its January 9, 2014, order denying habeas relief that petitioner was advised of "his obligation to raise all grounds for post-conviction relief in one proceeding." Moreover, in *Lind I*, we concurred with the circuit court's finding that the trial attorney in the first habeas proceeding had, in fact, "explained the *Losh* list and waiver requirements to petitioner and [that] petitioner understood his rights." *Id.* at *4. Third, we find that in both petitioner's criminal case and his three habeas proceedings, the circuit court has made ample findings showing that petitioner's grounds for habeas relief are without merit, which we will now explain in our analysis under syllabus point 4 of *Losh*.

Petitioner alleges that his second habeas trial attorney failed (1) to present the testimony of Mr. Shingleton; (2) to assert that the jury was not properly instructed with regard to the intent to steal, which is necessary to support a conviction for first-degree robbery; (3) to argue that petitioner was denied due process of law when co-counsel was not appointed in his criminal trial; (4) to assert that there was insufficient evidence to support the third conviction for forgery of a credit card; (5) to call Mr. Jones as a witness so that he could be impeached; (6) to assert that the circuit court's June 1, 2007, sentencing order failed to set forth sufficient findings to support

petitioner's sentence; and (7) to argue that count two of the indictment, which charged petitioner with first-degree robbery, was defective.

In syllabus point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), we held as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

We find that our decision in *Lind I* precludes petitioner's arguments except for his claim that count two of the indictment was defective.[7] First, the circuit court determined that Mr. Shingleton's unavailability as a witness did not unduly prejudice petitioner's defense in a finding that was later incorporated and adopted by reference in the circuit court's January 9, 2014, order, from which petitioner had an adequate appeal. On appeal, in *Lind I*, petitioner raised Mr. Shingleton's unavailability as a witness as part of his ineffective assistance of trial counsel claim.[8] We found in *Lind I* that petitioner waived that claim on his *Losh* checklist. 2015 WL 5125884, at *5. We further found in *Lind I* that even if there was no waiver, petitioner's trial attorney adequately represented him and that "there are no grounds to support a claim of ineffective assistance of counsel." *Id.* at *3. Therefore, we conclude that Mr. Shingleton's unavailability as a witness was fully and finally adjudicated in *Lind I*.

Also, in the circuit court's January 9, 2014, order, it rejected petitioner's contention that he could not be found guilty of first-degree robbery if his intent to steal from the victim was not formed until after the use of force. In rejecting this argument, the circuit court found that petitioner's own trial testimony reflected that he intended to take the victim's property. However, on appeal, in *Lind I*, petitioner argued that his trial attorney failed to request a complete jury instruction regarding the intent to steal. We rejected this argument by finding that petitioner's trial attorney adequately represented him and that "there are no grounds to support a claim of ineffective assistance of counsel." 2015 WL 5125884, at *3. Therefore, we conclude that petitioner's claim that the jury was not properly instructed with regard to the intent to steal was fully and finally adjudicated in *Lind I*.

---

[7]As respondent notes, our memorandum decision in *Lind I* constitutes an adjudication on the merits. *See In Re: T.O.*, 238 W.Va. 455, __, 796 S.E.2d 564, 573 (2017); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014).

[8]Petitioner argued that his trial attorney should have requested a continuance of his trial until such time as that Mr. Shingleton became available as a witness.

We find that our conclusion in *Lind I* that petitioner's trial attorney provided effective assistance also precludes his argument that he was denied due process of law when co-counsel was not appointed. As the circuit court found, petitioner was "more than adequately represented" by trial counsel.

Next, we group together and address petitioner's claims that there was insufficient evidence to support the third conviction for forgery of a credit card and that his second habeas attorney should have called Mr. Jones as a witness so that he could be impeached. Petitioner alleges that Mr. Jones perjured himself at petitioner's trial because it was Mr. Jones—not petitioner—who used the victim's credit card to buy food at McDonald's. However, we rejected in *Lind I* petitioner's argument that the State knowingly used perjured testimony as "nothing in the record indicates that any witness committed perjury." 2015 WL 5125884, at *6. Therefore, we conclude that these issues were fully and finally adjudicated in *Lind I*.

Also, in *Lind I*, we concurred with the circuit court's determination that petitioner's sentence was not unconstitutionally disproportionate to his crimes, finding that he "murdered a man, robbed him, and engaged in forgery." *Id.* at *5. Therefore, we conclude that in adjudicating the proportionality claim, our decision in *Lind I* summarized the reasons why the circuit court sentenced petitioner as it did in its June 1, 2007, sentencing order. Accordingly, we find no merit in petitioner's claim that the circuit court's sentencing rationale is not reflected in the record.

We now turn to petitioner's argument that count two of the indictment, which charged petitioner with first-degree robbery, was defective. In syllabus points 1 and 2 of *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996), this Court held as follows:

> Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without [an] objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted.

> Generally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations.

"Animus furandi, or the intent to steal or to feloniously deprive the owner permanently of his property, is an essential element in the crime of robbery." Syl. Pt. 2, *State v. Hudson*, 157 W.Va. 939, 206 S.E.2d 415 (1974). Count two alleges that petitioner feloniously committed violence on the victim's person and "then and there feloniously and violently did steal, take[,] and carry

7

away" specified items of his property. Therefore, we conclude that count two of the indictment met minimal constitutional standards and charged an offense under West Virginia law.[9]

In syllabus point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), we held as follows:

> A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

We find that all of the grounds petitioner alleges that his second habeas trial attorney failed to raise are without merit and/or were encompassed within the issues fully and finally adjudicated in his appeal in *Lind I*. Therefore, we conclude that the circuit court properly denied petitioner's third habeas petition without a hearing and without the appointment of counsel. Finally, given that the circuit court properly denied petitioner's habeas petition, we deny petitioner's motion for appointment of appellate counsel pursuant to West Virginia Code § 53-4A-4(a), which provides that such motions in habeas appeals shall be denied when "the grounds assigned therefor are without merit or are frivolous . . . ."[10]

For the foregoing reasons, we affirm the circuit court's October 20, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:    October 13, 2017

---

[9] Petitioner also contends that count two of the indictment is defective because the investigating officer's testimony failed to provide the grand jury an evidentiary basis on which it could find probable cause that petitioner committed first-degree robbery. However, we find that the grand jury transcript belies this contention.

[10] With regard to appointment of counsel in habeas cases, petitioner argues that the United States Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), constitutes a favorable change in the law, which is another exception to the doctrine of res judicata. *See* Syl. Pt. 4, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608. Respondent counters that petitioner's contention that appointment of counsel is constitutionally required is based on a misreading of *Martinez*. We agree with respondent. In *Martinez*, the Supreme Court reiterated that, as a matter of constitutional law, "there is no right to counsel in collateral proceedings." 566 U.S. at 9. As the Supreme Court's decision in *Martinez* did not hold that appointment of counsel is required in habeas proceedings, we find that petitioner's reliance on that decision is misplaced.

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker